(109 So. 878)

BENOIT COAL MINING CO. et al. v. MOORE et al.   (6 Div. 735.)

(Supreme Court of Alabama.   Oct. 14, 1926. Rehearing Denied Nov. 11, 1926.)

I. Master and servant ⬥412—If any reasonable view of evidence in compensation case supports conclusion, judgment will not be disturbed (Workmen's Compensation Act).

On certiorari to review finding and judgment, under Workmen's Compensation Act (Code 1923, §§ 7534–7597), Supreme Court merely looks to see if there is any evidence supporting facts found by court, and, if any reasonable view of evidence supports conclusion, judgment will not be disturbed.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Master and servant ⟨key⟩405(2)—Evidence in compensation case held to support conclusion deceased was employee of defendant (Workmen's Compensation Act).**

In action to recover compensation, under the Workmen's Compensation Act (Code 1923, §§ 7534–7597), for death of employee, evidence *held* to support conclusion that deceased was an employee of defendant company when killed, and hence finding was conclusive on Supreme Court on certiorari.

**3. Master and servant ⟨key⟩405(4) — Evidence held to support finding employee was killed on way to working place and that accident arose out of and in course of employment (Code 1923, §§ 7534–7597).**

In action, under Workmen's Compensation Act (Code 1923, §§ 7534–7597), for death of employee, evidence *held* to support finding that employee was killed while on way to working place with knowledge of defendant's superintendent, who made no objection to particular route followed, and that accident arose out of and in the course of employment, under section 7534.

**4. Appeal and error ⟨key⟩994(3).**

Inconsistencies and uncertainty in testimony of witness go to weight of testimony to be determined by trial court.

**5. Master and servant ⟨key⟩371.**

Whether accident is one arising out of and in course of employment depends on particular circumstances of case.

**6. Master and servant ⟨key⟩356.**

That workman employed by coal company met his death at railroad crossing, while on way to work, is not conclusive against award of compensation.

**7. Master and servant ⟨key⟩371.**

That accident resulting in death of workman was not one of anticipated risks of service is not conclusive against award of compensation.

**8. Master and servant ⟨key⟩375(2).**

In action for compensation for death of employee, fact that his work had not actually begun at time of accident is not controlling.

**9. Master and servant ⟨key⟩389 — Settlement made by widow with railway causing death of employee, deducted from compensation awarded, held not to preclude widow's claim against employer for compensation (Code 1923, § 7587).**

Where amount recovered by widow of deceased employee, in settlement with railway causing employee's death, was deducted from compensation awarded, under Code 1923, § 7587, employer's right of subrogation to claim against railway was not thereby destroyed, and widow is not precluded by settlement from prosecuting claim for compensation.

Certiorari to Circuit Court, Walker County; R. L. Blanton, Judge.

Petition of the Benoit Coal Mining Company and the American Mine Owners' Mutual for certiorari to the circuit court of Walker county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Dovie Moore and others against the petitioner. Transferred from Court of Appeals, under Code 1923, § 7326. Writ denied, and judgment affirmed.

Percy, Benners & Burr, of Birmingham, for appellants.

A person only becomes an employee when there is a meeting of minds between his prospective employer and himself, and the relationship of fellow servant is established between other employees and himself. 18 R. C. L. 493; A. C. L. R. Co. v. Beazley, 54 Fla. 311, 45 So. 761; 3 Words and Phrases, First Series, 2369. The injury, to be compensable, must be the result of an accident while the employee was engaged in and about the duties of his employment, and having some causal connection with said employment. The injury must be shown to have occurred at a place where the employee had no discretion or choice as to the way to use. Code 1923, § 7596 (j); In re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; 1 Honnold, 320; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; De Constantin v. Public Service Com., 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916A, 329; Kraft v. West Hotel Co., 193 Iowa, 1288, 188 N. W. 870, 31 A. L. R. 1245; Brown v. Dept. of Labor & Industries, 135 Wash. 327, 237 P. 733; Guastell v. Mich. C. R. Co., 194 Mich. 382, 160 N. W. 484, L. R. A. 1917D, 69. Where the employee is injured under such circumstances as to create a legal liability against a third person, but elects to claim compensation, the employer is subrogated to his rights against said third person, which are exclusive until the employer has a reasonable opportunity to exercise them. Code 1923, § 7587; O'Donnell v. Baker Ice Mach. Co. (Neb.) 205 N. W. 561.

J. D. Acuff, of Jasper, for appellees.

Deceased was an employee of appellant. Reed v Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906; 2 C. J. 832. Deceased met death by accident arising out of and in the course of his employment. Ex parte Rosengrant, 213 Ala. 202, 104 So. 409; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Honnold, W. C. 346 et seq. Settlement with the railroad did not work a discharge of appellant. Code 1923, § 7587. The trial court's finding is final, there being evidence to support same. Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 649.

GARDNER, J. Petition for certiorari to review the judgment of the court below awarding compensation under the Workmen's

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Compensation Statute (Code 1923, §§ 7534–7597), to the widow and dependent children of Walter Moore, deceased.

The said Moore was killed on Monday, August 25, 1924, by a passenger train on the main line of the St. Louis-San Francisco Railway Company. He had, just a few minutes before, been in conversation with the superintendent of the Benoit Coal Mining Company upon its premises, and walked about 100 feet to and upon the track where he met his death.

It is first insisted that said Moore was not an employee of the petitioner, the Benoit Company, and, in the second place, if held to be such employee, the accident resulting in his death was not one "arising out of and in the course of his employment." Section 7534, Code of 1923. The first contention rests upon the theory that said Moore was employed only conditionally, by the superintendent, in the conversation had just previous to the accident; that is, the superintendent had informed Moore that he would be so employed, if those at the office approved, and only in that event; and that Moore, at the time of the accident, was on his way to the office for that purpose, and to receive his check number, if he was found acceptable. But there was evidence to the contrary. We have reference to the testimony of the son and widow of deceased, and also one Wakefield, to the effect that deceased was employed the Friday before Monday, the day on which he was killed, and that he had received a laborer's check; that defendant "gave him a job" on that day, a laborer's pass check, and instructions to report at the mines for work Monday morning.

[1] Much of the argument reflects upon the credibility of this testimony. The review in this court, however, is by certiorari and not by appeal. As said in Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648:

"This court will not look to the bill of exceptions to find the weight of the testimony as to any fact found by the trial court, but simply to see if there is any evidence or reasonable inferences from evidence to support the facts found by the court."

And in Ex parte Coleman, 211 Ala. 248, 100 So. 114, the court said:

"It has been thoroughly and finally settled by the decisions of this court that, 'If, on any reasonable view of the evidence, it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed.'"

[2] Following this well-established rule, it must be held that there is evidence to support the conclusion reached by the trial court that deceased was an employee of the Benoit Company at the time he was killed, and such finding is here conclusive.

[3] Like considerations determine the second question presented, as to whether or not the accident was one arising out of and in the course of his employment. The testimony of the son of deceased is to the effect that on Monday morning his father was on the premises of the Benoit Company in conversation with its superintendent, who assigned him a place to work; that he left the superintendent and "started across the railroad track and started to work"; that "he was going the way they usually traveled," when he was killed, and had gone about 75 feet. The witness further testified:

"The work he was going to was in the same side of the railroad as the place where he was talking to this man. I had seen men going the same route my father went. That was the way they commonly traveled. The thing that prevented his going on the same side of the railroad or the reason he didn't go, the tipple is on the right hand side of the railroad. There was a box car dumping there—started across the track to the other side. That was the track that was commonly traveled down there, and then he hit the dirt road where cars traveled. It is about 150 yards from the place where my father was talking to this man to the place where he was going to work."

[4] If it be conceded that further examination of the testimony of this witness discloses some inconsistencies and uncertainty, this is a matter going to its weight, a question for determination of the trial court, as above noted.

According to this witness, the place of work was only 150 yards from where deceased was standing while talking to the superintendent, Dickerson, and, while it was on the same side of the railroad, this witness testified to facts explaining the reason for not walking to the mine on that side, and, further, that the way his father went across the track was "the way they commonly traveled." Deceased was a stranger at these mines, and, as we gather from the evidence, unacquainted with the surroundings. The superintendent insists that the way deceased went that morning was the "most indirect route he could have gone," but, in any event, what has been here said indicates there was evidence tending to show that he had, in fact, started for his working place with the knowledge of the superintendent, who made no objection to that particular route.

[5] As to whether or not an accident is one arising out of and in the course of the employment must depend upon the particular facts and circumstances, and as said in Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532, "No exact formula can be laid down which will automatically solve every case." Speaking generally as to acts of the employee brought within the meaning of these terms, this court in Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289, said:

"Within the purview of such naturally related and incidental acts in the course of the

employment is the movement of the employee in entering, at the appropriate time, the employer's premises to discharge his function, his preparation to begin and to terminate his actual service, and to leave the premises at an appropriate time after the completion of his actual service."

The case of City of Milwaukee v. Althoff, 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A, 327, is more nearly in point than any other authority to which our attention has been directed. We take the following pertinent excerpt therefrom:

"In the instant case, when the servant reported to his foreman and received his instructions for the day and proceeded to carry out these instructions by starting for the place where he was to work, we think the relation of master and servant commenced, and that in walking to the place of work the servant was performing a service growing out of and incidental to his employment."

This authority is cited in the note to the text of Honnold on Workmen's Compensation, vol. 1, pp. 107, 108, and is in line with the general statement of this court quoted above from Ex parte L. & N. R. Co., and is in harmony with the liberal rule of construction universally applied to statutes of this character —Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728. and authorities therein cited, including the Minnesota decision of State ex rel. v. Dist. Court, 129 Minn. 176, 151 N. W. 912. See, also, State ex rel. Johnson v. Dist. Court, 140 Minn. 75, 167 N. W. 283, L. R. A. 1918E, 502.

[6, 7] The fact that deceased met his death at a railroad crossing is not conclusive against the award (Cudahy Packing Co. Case, supra), nor the further fact that the accident in question was not one of the anticipated risks of the service (Ex parte Terry, 211 Ala. 418, 100 So. 768).

[8] We have hereinabove noted there is evidence tending to show the relationship of employer and employee existed, that the employee was on the premises of the employer and on the way to his working place. In view of these tendencies of the evidence, therefore we are of the opinion the above-cited authorities are decisive of this case adversely to petitioner's insistence. The fact that his work had not actually begun is not of controlling importance. Hills v. Blair, 182 Mich. 20, 148 N. W. 243.

The authorities relied upon by counsel for petitioner (some of which are found in the note to Lumberman's Reciprocal Ass'n v. Behnken, 28 A. L. R. 1402) have been carefully considered. They are readily distinguishable on the facts, and a discussion of these authorities would extend this opinion to undue length. Suffice it to say that, in our opinion, they do not militate against the conclusion here reached. Some of the authorities cited in the note to the West Virginia case of De Constantin v. Public Service Com., L. R. A. 1916A, 329, are in point, with particular reference to the English authority of Loveless v. Coal & I. Co. [1908] 124 L. T. J. 532, 1 B. W. C. C. 153. See, also, Hills v. Blair, 182 Mich. 20, 148 N. W. 243.

[9] It appears that the widow of deceased, as administratrix of his estate, brought suit against the railway company to recover damages for the death of her decedent and settled the case for the sum of $1,000. In awarding compensation, the trial court deducted this sum from the amount of compensation payable to the dependents of the employee and rendered judgment for the balance. The court followed the express language of section 7587 of the Code of 1923.

It is insisted that petitioner was subrogated to plaintiff's right of action against the railroad and has been deprived of such right by the settlement, and that therefore they should not be permitted to further prosecute the claim for compensation. But the very language of the above-cited Code section contemplates such settlement and expressly authorizes subrogation on the part of the employer, in such case as here presented, and a deduction of the sum recovered from the railroad, as was done by the court in the instant case.

In the case of O'Donnell v. Baker Mach. Co., 205 N. W. 561, cited by counsel for petitioner, the Nebraska court was construing the statute of that state as to this particular question which very materially differs from section 7587 of our Code. Nor do we find that the case of Chicago, R. I. & P. Ry. Co. v. Schendel, 46 S. Ct. 420, 70 L. Ed. 757, dealing with the question of res judicata, at all militates against the conclusion here reached.

There was no destruction of the right of subrogation. The provisions of our statute have been followed, and this contention is without merit.

It results as our conclusion that the writ should be denied, and the judgment affirmed.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.