CRESCENT BAKING CO. v. DENTON *et al.**

(Division B.    March 14, 1927.    Suggestion of Error Overruled April 11, 1927.)

[112 So. 21.    No. 26236.]

1. MASTER AND SERVANT. *Truck driver, selling bread along route designated by baking company selling to him, held not employee for whose negligence company was liable.*

    Truck driver, engaged in selling and delivering bread along route designated by baking company, from whom he purchased bread, and over whom the baking company had no control in operating business, selling, and delivering bread to patrons, *held* not an employee of baking company, so as to create liability for death of child killed by truck while being operated over such route.

2. MASTER AND SERVANT. *Control is essential to relation of "master and servant."*

    The main essential required to constitute relationship of master and servant is that servant be subject to control of employer in operation of business or doing of thing at time in question.

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, p. 53, n. 70; p. 1316, n. 7; p. 1324, n. 11; On tests of relationship of master and servant, see annotation in 37 L. R. A. 38; 18 R. C. L. 491; 3 R. C. L. Supp. 815; 4 R. C. L. Supp. 1187; 5' R. C. L. Supp. 984.

APPEAL from circuit court of Second District, Coahoma county.

HON. W. A., ALCORN, JR., Judge.

Action by Mrs. Anna Denton and others against the Crescent Baking Company. Judgment for plaintiffs, and defendant appeals. Reversed and judgment rendered.

*Cutrer & Smith,* for appellant.

The plaintiff utterly and wholly failed to establish the relation of master and servant between the Crescent Baking Company and the driver of the truck, G. Pinkston. We submit that the uncontradicted testimony establishes the fact that G. Pinkston was an independent contractor, under the law, and not a servant of the Crescent Baking Company. *Woods* v. *Clements,* 114 Miss. 301, 75 So. 119.

The principal is not liable for the negligent acts of an independent contractor. The rule is equally as clear and as equally defined that the unauthorized acts of a duly authorized agent are not the acts of the principal. *Woods* v. *Clements,* 114 Miss. 301, 75 So. 119; *Prince* v. *Wilds Isaacs Co.* (Miss.), 97 So. 558; *Cook* v. *Millawan & Co.* (Miss.), 101 So. 662.

There are certain indispensable elements connected with the *status* of an independent contractor. See 26 Cyc. 970; 31 C. J. 473. Our own court in defining an independent contractor adopts the definition as given in Words and Phrases. See, also, *Callahan* v. *Rayburn,* 110 Miss. 117.

Not only did the plaintiffs in this cause fail to prove that Pinkston was in and about his master's business, and acting within the scope of his authority, but wholly failed to prove that the said Pinkston was a servant or agent in the employ of the Crescent Baking Company. On the other hand, we submit that the proof uncontradictedly showed that the said Pinkston was an independent contractor.

Various courts have laid down certain tests in the determination of this relation, which have been uniformly followed by our own court. *Till* v. *Fairbanks,* 111 Miss. 123, 71 So. 298; *Norton* v. *Day Coal Co.,* 180 N. W., 907; *Svoboda* v. *Western Fuel Co. et al.,* 193 N. W. 406; *Freeman* v. *So. Life & Health Ins. Co. et al.,* 98 So. 460; *Cole* v. *La. Gas Co.,* 46 So. 801; *Premier Motor Mfg. Co.* v. *Tilford,* 111 N. E. 645.

The right of control as to details must exist before the relationship of master and servant exists. Pinkston sold to his own customers and controlled the disposition of the bread. He sold to whom he pleased and when he pleased. If the Tilford case correctly announces the law, then the defendant could not be held for the acts of Pinkston even considering all other facts necessary to attach liability existed. See *Porter* v. *Tenn. Coal, Iron & R. R. Co.,* 50 So. 255; *Litts et al.* v. *Risley Lbr. Co. et al.,* 120 N. E. 730; *Pyyny* v. *Loose-Wiles Biscuit Co.,* 149 N. E. 541; *Peer* v. *Babcock et al.,* 129 N. E. 224; *A. L. Aldrich, Adm'r, etc.,* v. *Tyler Grocery Co.* (Ala.), 89 So. 289, 17 A. L. R. 617; *James* v. *Tobin-Sutton Co.* (Wis.), 195 N. W. 848; *Dohner* v. *Winfield Wholesale Gro. Co.* (Kan.), 226 Pac. at 767; *Premier Motor Mfg. Co.* v. *Tilford* (Ind.), 111 N. E. 645.

The burden of proof is on the plaintiff to establish by the preponderance of the testimony that at the time of the accident complained of the driver was the servant of the owner of the car and was engaged in and about his master's business and acting within the scope of his employment. These facts by the undisputed evidence in the case at bar do not exist. *Callahan* v. *Rayburn,* 110 Miss. 107, 69 So. 699; *Burke* v. *Show et al.,* 59 Miss. 443; *Till* v. *Fairbanks Co.,* 111 Miss. 123; *Oberton* v. *Boston R. R. Co.,* 186 Mass. 481, 71 N. E. 980, 67 L. R. A. 422; *McKinney* v. *Sherwin-Williams Co. of Texas* (Tex. Civ. App.), 271 S. W. 133; *Boyd* v. *Mahone* (Va.), 128 S. E. 259; *Larson* v. *Am. Bread Co.,* 40 Wash. 224, 82 Pac. 294, 111 A. S. R. 904; *L. & N. R. R. Co. & Tex. R. R. Co.* v

*Douglas,* 69 Miss. 723, 30 A. S. R. 582; *Ramp* v. *Osborne* (Ore.), 239 Pac. 112; *Gall* v. *Detroit Journal Co.,* 191 Mich. 405, 158 N. W. 36, 19 A. L. R. 1164; *Stricher* v. *Indus. Com. of Utah,* 59 Utah 603, 188 Pac. 849, 19 A. L. R. 1159; *Flickenger et al.* v. *Indus. Accident Com. et al.,* 181 Cal. 425, 184 Pac. 851, 19 A. L. R. 1150; *Carleton* v. *Foundry & Mach. Product Co. et al.,* 199 Mich. 148, 165 N. W. 816.

*Maynard, FitzGerald & Venable* and *Bratton & Mitchell,* for appellees.

The appellant bases its contention that Pinkston was not the servant of the Crescent Baking Company on the idea, as we understand it, that the Crescent Baking Company did not own the truck operated by Pinkston, but that it belonged to Medearis, the manager of the Crescent Baking Company, and that Pinkston simply bought bread from the bakery, which he resold to his customers along his route and was not a servant of the bakery, but a bread merchant, it being contended that the bakery exercised no sort of control over Pinkston and his work. This was a question of fact to be decided by the jury; and a jury and the judge decided that Pinkston was the servant of appellant. The finding of the jury and the judge of the lower court should not be set aside unless it should so clearly appear that their action was unfounded as to leave no doubt about it. *So. Express Co.* v. *Brown,* 67 Miss. 260.

Various reasons have been assigned why the master should be held liable at all for the torts of his servant. One of them is that it is rested on the doctrine of agencies under the maxim, *Qui facit per alium facit per se.* Another reason which is often assigned in the decisions is that the master should be liable because he has the right and power to select his servant. The usual rule, and the one which is approximately adequate, is that the master has the control of the servant.

All of the reasons given are doubtless parts of a larger reason why it is thought fair to hold the master liable for the acts of his servant, and that is a reason of public policy growing out of an instinctive idea that it is fair that "he who expects to derive advantage from an act which is done by another for him must answer for any injury which a third person may sustain from it." See *Barker* v. *Chicago, etc., Ry. Co.,* 243 Ill. 482; 26 L. R. A. (N. S.) 1058; 134 A. S. R. 382. This court has apparently adopted this viewpoint. See *N. O., etc., R. R. Co.* v. *Bailey,* 40 Miss. 395. The concrete rule generally applied by the courts, among them our own, is that of control.

The power to discharge as a test of master and servant relationship was dealt with in the case of *Southern Express Co.* v. *Brown,* 67 Miss. 260. The method of payment is not always decisive. *N. O. Ry. Co.* v. *Reese,* 61 Miss. 581. The right to discharge, and hence, to control, was deemed decisive in *N. O. Ry. Co.* v. *Norwood,* 62 Miss. 565.

Of the various tests which have been invoked to determine whether or not the alleged master is such because he has the power to control, the power of hiring and discharging is deemed the strongest and nearly always conclusive. *So. Express Co.* v. *Brown, supra;* note 37 L. R. A. 38.

The power of control then being the fundamental test and it being deemed fair according to the reason of the rule of *respondeat superior, supra,* that the one who sets another about his business for his advantage should be liable for the defaults of this one if he has the power to control his acts, the question is whether or not the Crescent Baking Company had the power to control Pinkston within the purview of the principle. The evidence shows the existence of such power. The jury so found. The case should be affirmed.

Argued orally by *Edward W. Smith,* for appellant, and *Carl Bratton,* for appellees.

HOLDEN, P., J., delivered the opinion of the court.

The Crescent Baking Company, a corporation, appeals from a judgment for seven thousand five hundred dollars recovered against it by the appellees, Mrs. Anna Denton et al. as damages for the death of her minor son, T. P. Denton, who was struck and killed by an auto truck driven by one Pinkston, who, it is alleged, was acting as the servant and agent of the appellant, Crescent Baking Company, at the time the injury occurred.

The appeal presents several questions for decision, but we shall decide only one of them, which will end the case and make it unnecessary to notice the others. The decisive question is whether or not Pinkston, the driver of the auto truck, was the servant of the baking company, and acting within the scope of his employment, when he struck and killed the son of the appellee, on a street in the village of Clayton, out from Clarksdale, Mississippi. The determination of this point necessitates the statement of the facts and circumstances in the record which tend to prove or disprove that the relationship of master and servant existed between the baking company and Pinkston, the driver of the truck, when the injury occurred. So we shall briefly state the pertinent facts on the question involved as disclosed by the record.

The Crescent Baking Company is a domestic corporation, with its principal place of business at Clarksdale, Miss., where it operates a bakery for the manufacture of all kinds of bakery products. The bakery sold bread which was delivered to customers living outside of the city of Clarksdale, in neighboring towns and points along the railroad and the public highways, and through the village of Clayton, the place where the deceased boy was struck by the truck driven by Pinkston.

The baking company had several routes upon which its bread was sold in that territory. These designated routes were let out to different persons, who would buy bread from the baking company and deliver it to their

customers along the routes during the day, and return to Clarksdale at night.

Pinkston, the auto driver who struck the child, operated an auto truck on one of the routes, and bought bread from the baking company in the mornings, and sold and delivered it to his customers living along the route which he operated on, and would collect from his customers and for convenience deposit his collections at night with the baking company when he returned after selling out his load of bread. Pinkston was required to deposit one hundred dollars as security when he took the route and began to purchase the bread and resell it to his customers along his route. At the end of the week, settlement was made between the baking company and Pinkston. Pinkston bought the bread from the baking company and sold it to his customers, and all that he did not sell was a loss to him, and his profits were increased or decreased in proportion to the amount of bread that he sold.

The baking company did not furnish the auto truck to Pinkston in which to operate along his route, but Pinkston rented the truck from a Mr. Medearis, who was local manager for the baking company, and Pinkston paid Medearis for the use of the truck, and Pinkston operated the truck in such way and manner as he saw fit, no one else having any control over him in the operation of the truck, except that Pinkston operated the truck and sold bread to customers only along a certain designated route which the baking company had assigned to him, and upon which he could sell and deliver the bread daily to his customers.

The uncontradicted evidence in the case is that Pinkston bought the bread from the baking company upon his own independent account, and that the baking company had no connection with the sale of the bread in any way, except to prescribe the particular route upon which Pinkston was to sell the bread. The baking company did not furnish the means of transportation, nor did it have control over it, nor did it have the right to control Pinkston in any respect in the operation of the truck in selling and

delivering bread to the customers along his route. The baking company did not hire Pinkston, nor could it discharge him for any reason; the only thing it had power to do with reference to the employment of Pinkston, was that it could refuse to sell any bread to Pinkston, if, for instance, Pinkston failed to pay for the bread that he bought, or failed to sell and deliver the bread to customers only along his route.

The appellees urge that the relation of master and servant existed between the baking company and Pinkston at the time of the injury, and that the baking company therefore is liable for the negligent killing of the child. And it is contended that the circumstantial evidence, together with proven facts and the reasonable inference to be drawn therefrom, was sufficient to warrant the lower court in submitting this question to the jury, and that the finding of the jury that the relationship of master and servant existed, and that the injury to the child was the result of negligence on the part of Pinkston, is supported by the testimony in the case, and that the judgment ought to be affirmed.

Counsel for appellees particularize wherein the facts in this case are sufficient to show the relationship of master and servant, and say in this connection that the relation ship is shown because, first, Pinkston had a designated route and could not sell to the public generally; second, because the manager of the baking company could transfer Pinkston from one route to another as he pleased; third, because Pinkston sold bread to the public for the same price that the bakery sold it; and, fourth, because the arrangement between the truck driver and the baking company was not one in which Pinkston was to buy bread and sell it on his own account.

The appellant urges a reversal and judgment here upon the ground that the proof in the case is insufficient to show that the relationship of master and servant, or principal and agent, existed between Pinkston and the baking company at the time the child was killed by the

truck, even if it be conceded that the child was negligently killed.

We have carefully considered the evidence in the record bearing upon the question of the relationship between the baking company and Pinkston, and we have reached the conclusion that the proof in the record is insufficient to sustain the finding that the relationship of master and servant existed between the appellant and Pinkston when the unfortunate accident happened which took the life of the eight-year-old child of appellant.

We think it is plain that the baking company was not liable for the acts of Pinkston while operating the truck and delivering bread that he had sold to his customers along the particular route that he had selected. The baking company had no right to control Pinkston in the manner or method of selling and delivering the bread to his customers along the route he daily operated on.

As we understand the record, Pinkston bought the bread on his own account and sold it to his own customers and assumed the risk of profit or loss in the sale of the bread. If he bought five hundred loaves of bread during the morning to be sold that day, and he only sold four hundred loaves, his failure to sell the other one hundred loaves would be his individual loss.

He operated his own truck; that is, he operated a truck that he rented for his own use. He had no one to account to as to the amount of bread he sold or whether it was sold on credit or for cash, or to whom he sold it on the route, but the only connection between him and the baking company was that the baking company sold him the bread and designated the route upon which he should sell the bread and deliver it to his customers daily.

The most that can be said in favor of the contention of appellees is that the baking company was only interested in the results, as to the sale of the bread, and not in the means or method of obtaining the results, which of course is not sufficient to establish the relationship of master and servant.

As we see the case, Pinkston was an independent bread dealer, and the baking company was not liable for his acts while operating the business of selling and delivering the bread along the route. It may be more accurate to say that Pinkston was an independent contractor, over whom the baking company had no control in operating the business of selling and delivering bread to his patrons along the designated route.

There are several requisites necessary in order to constitute the relationship of master and servant; the main essential in this regard being that the servant was subject to the control of the employer in the operation of the business or the doing of the thing at the time in question. It cannot be said in the case before us that the baking company had the right to control the services of Pinkston at any time or at any place, but the proof shows that Pinkston was acting as an independent dealer along a certain route which he had obtained from the baking company, and he operated his auto truck in his own discretion and judgment, and, while so doing he negligently killed the child for whose death this suit was brought; and, as reluctant as this court may be to set aside and annul a judgment under circumstances as shown by this record, still it is our duty under the law to hold, in the case at bar, that the baking company is not liable for the act of Pinkston because the relationship of servant and master did not exist at the time the child was struck by the truck, and for this reason the judgment of the lower court must be reversed and judgment entered here for the appellant.

Reversed, and judgment here for the appellant.

*Reversed.*