186 So. 776

## ALL STATES LIFE INSURANCE COMPANY v. STRICKLIN.

### 4 Div. 73.

Supreme Court of Alabama.

Feb. 16, 1939.

Cope & Cope, of Union Springs, for appellant.

Andrews & Andrews, of Union Springs, for appellee.

BOULDIN, Justice.

The action is upon a life insurance policy which may be ranged under the general name of industrial insurance, with death benefit of $200, carried for a small monthly premium, and issued without medical examination.

The defense was fraud in the procurement of the policy. Appropriate pleas presented two alleged misrepresentations in the application upon which the policy was issued: First. That the insured was in good

health at the time of the application. Second. That the insured had never had a serious illness.

The issue on this appeal is well stated in the following excerpt from brief for appellant: "It thus would appear that the sole issue presented to the jury was whether the representations were actually made and thus the sole question presented here is whether the verdict in favor of the plaintiff was against the great weight of the evidence and the Court thus erred in overruling the appellant's motion for a new trial."

The application sent in by the local agent showed an answer "Yes" to the question touching good health, and an answer "No" to the question touching previous illness.

Evidence from the attending physician disclosed that the insured had been suffering from high blood pressure for many months, that in January preceding the application in April she had a severe illness wherein she was unconscious for a few hours, was confined for some two weeks and was treated at home and at the doctor's office for some sixty days. He diagnosed her case as essential hypertension, a disease, resulting sometimes in unconsciousness, and tending to apoplexy. Her death the latter part of the following June was attributed to cerebral hemorrhage. Accepting this conclusion that she was not in good health when the application was made, and that she had such previous illness, the inquiry turns on whether the application fully and truly disclosed the answers actually made by the appellant.

Without dispute the application was made by the beneficiary, daughter of the insured, and, at the instance of the local agent of the insurer, was signed in the name of the mother.

The agent filled out the application as was his custom. Plaintiff and her husband testify that on reading the questions touching good health and previous illness, plaintiff replied the insured was sick in February preceding, but was believed to have recovered, that she had gone back to work. The insured, forty-seven years of age, was a worker in a cotton mill, had returned to her work some six weeks before.

Several witnesses testify she looked to be in good health. The agent certified with the application that he knew the insured and she appeared to be in good health. On cross-examination the agent said: "She told me something like her mother had

been sick but she didn't guess it was serious because her mother was working in the mill." Plaintiff and her husband denied any information that the insured had high blood pressure. No such knowledge is traced to them, unless we so infer because the daughter lived very near and often visited her mother. In any event, it does not clearly appear that the illness was known to the daughter to be a persistent type, or that her mother had not fully recovered. It does not appear she was asked for any details as to such sickness. If the answers she gave, according to her version, had been written fully into the application, they would have invited further inquiry on the part of the insurer. Sovereign Camp, W. O. W. v. Fischer, 236 Ala. 494, 183 So. 653.

The evidence does not disprove her statement that she did not read the answers written in by the agent. The application was not attached to the policy as part of the contract under our statute, and was never in her possession.

Misrepresentations, as alleged in the pleas, with actual intent to deceive, or a positive misrepresentation of fact, as alleged, which increased the risk of loss, were questions for the jury.

Indulging the presumptions due the verdict of the jury, followed by the ruling of the trial court, we cannot say the verdict was plainly and palpably wrong and unjust.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.