194 So. 183
**WESTERN UNION TELEGRAPH CO. v. GEORGE.**
**I Div. 71.**

Supreme Court of Alabama.
Jan. 18, 1940.

Rehearing Denied Feb. 22, 1940.

Doris Van Aller, of Mobile, for appellee.

Lyons & Thomas and Geo. A. Tonsmeire, all of Mobile, for appellant.

THOMAS, Justice.

The decision was rested upon a proceeding in the circuit court in compensation case for injury to an alleged employe. The main insistence of appellant is that the relation did not exist and that the statute did not apply where one is injured while acting as an independent contractor. Michie's Code, §§ 7543, 7586 et seq. This statute received recent consideration in Harris v. Louisville & Nashville R. Co., 237 Ala. 366, 186 So. 771, on the phase of election of inconsistent remedies.

The effect of the evidence for plaintiff was that the Western Union Telegraph Company entered into a contract with the Redding Drug Store at Prichard, Mobile County, Alabama, which said contract is in words and figures as follows:

"The Western Union Telegraph Company
"Contract for the establishment of
a Class 11–B, agency (Regular
deliveries as specified.)

"The undersigned, Redding Drug Store, hereby accepts the agency for the Western Union Telegraph Company at Prichard, Alabama, and agrees to accept telegrams and cablegrams from the public and to transmit them by telephone to such office of the Telegraph Company as the latter may designate; to accept by telephone from said Telegraph Company telegrams and cablegrams, make such reports as the Telegraph Company may require in respect thereto, and pay over to the representatives of the said Telegraph Company all receipts therefrom, less any credits allowed by the Telegraph Company for commissions and expenses as hereinafter provided, to permit in and upon said premises the display of such sign or signs as the said

Telegraph Company may furnish relating to its business; to keep in convenient location, available for the use of the public, the necessary blank forms for telegrams and cablegrams, and such other facilities as the Telegraph Company may provide for the accommodation of those desiring to send telegrams and cablegrams; and otherwise to endeavor in all possible ways to increase the business and receipts of the Telegraph Company at such agency; the foregoing services to be performed for the Western Union Telegraph Company in accordance with its rules and regulations.

"The undersigned further agrees to keep the said agency open for the acceptance and delivery of telegrams and cablegrams during usual business hours.

"In consideration whereof the Telegraph Company will allow the undersigned:

"For collection made at said agency, ten percent of the charges on telegrams and ten cents for each cablegram.

"For delivering telegrams and cablegrams:

"Five cents for each telegram or cablegram delivered within the following area: Municipality of Prichard, Alabama. Delivery Charges beyond said area on telegrams addressed to Prichard only, will be paid by the addressee of the telegram.

"Twenty-five cents for each telegram or cablegram (within a minimum of $3.00 per week) delivered within the following area: Municipality of Plateau, Alabama, Whistler, Alabama, and Chickasaw, Alabama, and Magazine Point, Alabama.

"For telephoning telegrams and cablegrams to its offices, the extra expense, if any, for the telephone calls involved.

"Upon any violation hereof by the undersigned, or upon removal or disconnection of the telephones herein referred to, the Telegraph Company may, without notice, cancel this agreement, and thereupon all right of the former hereunder shall terminate.

"This agreement shall take effect on the 7th day of July, 1937, and, unless cancelled as herein provided, shall continue for one year and thereafter until the expiration of sixty days written notice of cancellation given by either party to the other.

"Redding Drug Store

"By J. A. Redding

"Agent.

"Accepted, July 7th, 1937, by
"The Western Union Telegraph Company,
"By D. C. Harris, Superintendent."

In order to carry out the provisions of this contract the Redding Drug Company employed Chas. L. George as an errand boy, and said Chas. L. George was killed while he was on a bicycle returning from delivering a telegram by being run over by the railroad train of the Mobile & Ohio Railroad. A third party action was brought against the Mobile & Ohio Railroad Company and the administrator of the decedent's estate, as a result of said third party action, received $300 as an agreed settlement for the damage resulting from decedent's death. Plaintiff's testimony showed that *John* George, Sr. (not necessarily Eugene George), was the plaintiff.

The testimony of Mr. Redding, for plaintiff, was to the effect that decedent did not possess a Western Union uniform; did not have a Western Union bicycle; that he had no Western Union sign on his bicycle; that he also performed errands for the Redding Drug Company; that he came to work, left for lunch, returned to work, and left in the afternoons just as Mr. Redding told him. Mr. Redding had the right to discharge him, which right he had previously exercised by discharging several other boys who were previously employed in the same capacity as decedent. The plaintiff showed that the decedent had a social security card whereon the Western Union Telegraph Company was designated as "employer." The plaintiff's evidence also tended to show some payments made direct to the deceased for out of Prichard deliveries.

Defendant's testimony tended to show that the local office delivery manager had never seen deceased and that the contract was the entire agreement with defendant in Prichard. The records of defendant showed all monies involving Prichard deliveries were paid to Redding Drug Company and that on two or three occasions small amounts were sent to the Redding Drug Company to compensate its messenger for out of Prichard deliveries; that the contract was the usual contract used everywhere in the United States. Defendant showed that it did not hire the decedent; did not determine his duties; was not the one who had a right, or reserved a right to "fire him;" that Redding had a right to deliver the messages by any means Redding saw fit, and it was not encumbent upon Redding to employ anyone to deliver telegrams for him.

The evidence being heard and considered by the Court, the Presiding Judge, on May

17th, 1939, rendered written determinations containing a statement of the law and the evidence, which was filed with the Clerk of the Court of Mobile County, Alabama, whereupon judgment was entered. The appeal taken challenged this action of the trial court.

It is declared that the compensation law does not apply where injured person is an independent contractor. Code 1923, §§ 7586, 7596; Honnold on Workmen's Compensation, par. 66.

█ Whether the relation of "independent contractor" or of "employe" exists depends upon whether the person for whom one is working has control over means and agencies by which the work is done or over the means and agencies by which the result is produced. Code 1923, §§ 7586, 7596; Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74; 39 Corpus Juris, 35; Nelson Sharp v. Queensboro Corp., 252 N.Y. 622, 170 N.E. 167.

█ A deceased employe's dependents, under the Workmen's Compensation Act, may elect to adopt one of the two remedies provided by the Act, to proceed against the employer or against a third party who is subject to the act, but dependents cannot recover against both. Code 1923, § 7586; Smith et al. v. Southern R. Co. et al., 237 Ala. 372, 187 So. 195; Harris v. Louisville & Nashville R. Co., 237 Ala. 366, 186 So. 771.

█ Monies received by the deceased's administratrix in settlement of a suit to recover damages for decedent's death should be deducted from award of compensation and only the balance is payable. Code 1923, § 7587; Benoit Coal Mining Co. v. Moore, et al., 215 Ala. 220, 109 So. 878.

██ Each case is ruled by its material facts. Here the defendant corporation contracted with the Redding Drug Company to act as its agent. Such legal entity could only act through its instrumentalities and agents. Such was contemplated by the parties to the contract, and the trial court was not in error in holding "* * * that the death of said Charles L. George was caused by an accident arising out of, and in the course of, Charles L. George's employment by the defendant, the Western Union Telegraph Company, a corporation, and that said Charles L. George, and plaintiff and defendant, at the time of said accident, were subject to Article Two of the Workmen's Compensation Law of Alabama, prescribing the liability of an employer to make compensation by way of damages for injuries received by an employee, occasioned by an accident arising out of and in the course of his employment."

The decree concludes with the finding that decedent was the son of plaintiff, contributing the full amount of his earnings to the support of his father, who was partially dependent on that son, and that his dependency continued to the present time (Section 7558, Code 1923) and that plaintiff "is entitled to receive his income loss in the amount of George's earnings from the said employment from the time of Charles L. George's death, during dependency of plaintiff, at intervals when said earnings are payable but not to exceed three hundred weeks."

It is insisted by appellant that if it be held that the relation of independent contractor did not exist, but that of employer and employe under the statute, and if there was no election of remedies that would prevent recovery in this suit, that the trial court was in error in failing to allow credit to the defendant for moneys received from the third party action against the Mobile & Ohio Railroad Company and in declining a reduction of judgment thereby rendered in the instant action against defendant.

The provisions of Section 7586 and the provisions of the homicide statute (Code 1923, § 5696) were fully considered in the recent decisions of Harris v. Louisville & N. R. Co., 237 Ala. 366, 186 So. 771, and Smith v. Southern R. Co. et al., 237 Ala. 372, 187 So. 195, and a double recovery after a due election by defendants was denied.

The fact that a third party action was maintained against the Mobile & Ohio Railroad Company is shown by the evidence and specifically stated in brief of appellant's counsel.

The motion for a new trial is in part as follows: "6. The evidence in this case shows without contradiction that there has heretofore been collected in a third party action money from the Mobile & Ohio Railroad, which should be allowed as a credit on the judgment in this cause."

The assignments of error are, in part, as follows:

"3. The trial Court erred in holding that it is not incumbent upon deceased em-

ployee's dependents, under Workmen's Compensation Act, to elect to adopt one of two remedies provided by the Act, and that they may proceed against the employer and a third party who is subject to the Act and recover against both (page 6 & 7 of transcript)

"4. The trial Court erred in holding that monies received by the deceased's administratrix in settlement of a third party suit to recover damages for decedent's death should not be deducted from award of compensation (page 6 & 7 of transcript)."

We are brought to a consideration of the fourth assignment of error and authorities touching Section 7587 of the Code, on the question thus presented as to double recovery or of deductions from recovery in a third party suit. There are two separate provisions of Section 7587 of the Code under the title of "Third Party Actions not under Article Two of the Act." The last provision of this statute as to subrogation was considered in Coleman v. Hamilton Storage Company, 235 Ala. 553, 180 So. 553, where reference is made to Georgia Casualty Co. v. Haygood et al., 210 Ala. 56, 97 So. 87, and where the Workmen's Compensation Act and Section 7587 of the Code were quoted at length. It was held that the rights and remedies granted are exclusive in cases coming within the influence of the General Act giving rights to the dependents and employes only, and makes no reference to the provisions of the Code touching the right of an administrator to bring a third party suit for personal injury under Section 5696 of the Code.

In Demopolis Telephone Co. v. Hood, 212 Ala. 216, 102 So. 35, 37, the observation is made that our Workmen's Compensation Act (Gen.Acts 1919, p. 206, § 32), makes provision "in certain cases for a third party to have its benefits," and that under part two of that Act, claimants must become parties to the action and make a showing of rights to benefits. Such is not this case.

In Everard v. Woman's Home Companion Reading Club et al., Mo.App., 122 S.W. 2d 51, 58, the decision of this Court in Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878, is adverted to as follows: "In Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878, the widow of a deceased employee brought suit against a railway company for damages

for the death of her decedent, and settled the case for the sum of $1,000.00. Later, in making an award of compensation, the court deducted the sum mentioned from the amount of compensation payable to the dependents of the employee and rendered judgment for the balance. It was urged in that case that the employer had been deprived of the right of subrogation by such settlement; and that the claimant should not be permitted to further prosecute the claim for compensation. The Supreme Court of Alabama held that there was no deprivation or destruction of the right of subrogation; that the provisions of the statute had been followed; and that the contention was without merit."

We have noted supra that two recent decisions on the election of remedies under the instant statutes are pertinent and that of Mr. Justice Gardner touching a double recovery for one injury may be also adverted to. Smith et al. v. Southern Ry. Co. et al., supra; Harris v. Louisville & N. R. Co., supra; Benoit Coal Mining Co. v. Moore et al., supra. In the last cited case approval is given of the right of deductions for moneys received in settlement of a third party action as provided by statute.

On this phase of the case (deductions for former recovery) the pertinent facts indicated by the record in the instant case are that the petition of the dependent was filed on October 7, 1938, the decedent's injury and death was of date of October 9, 1937, and this judgment was dated May 11, 1939. The evidence is as follows:

"My name is Helen E. George. John George, Sr., the plaintiff in this case is my husband. This is he sitting here. He was the father of Charles L. George who was killed October 9th, 1937. Charles L. George was my son. Charles was killed while on the bicycle as he was delivering this message. He went by the train of course. * * *

"This claim was made to the Western Union Telegraph Company of the boy's death. They have paid no compensation. They have denied liability. * * *

"My son was killed between the tracks of the Mobile & Ohio Railroad Company, by one of the Mobile & Ohio trains. It was on a ten foot strip where everyone walks or travels. The Mobile & Ohio Railroad made some very small payment because of the death of my son. No, they did not make any payment to apply on the funeral

bill. They gave me a small amount of money but not for any set purpose. The Mobile & Ohio Railroad paid me $300.00, but expenses came out of that and I only received about $240.00 or $250 Dollars because I had to go through the Probate Court. I got $240.00 net. I didn't pay the funeral bill because there wasn't enough to cover it. I owe now $265.00. I netted $245 out of the payment from the Mobile and Ohio Railroad. * * *."

The exact date of this contribution or settlement by the Mobile & Ohio Railroad Company with the administratrix of decedent for the injury in question is not disclosed by the record.

The recent decision of Smith v. Southern Ry. Co., supra, dealt with the right of election of two remedies; one against the employer, and one against the third party, both of whom are subject to the Act. It was declared that the dependents cannot recover against both and are "not entitled to a double recovery" under Section 7586 of the Code.

In Harris v. Louisville & N. R. Co., supra, the two statutes were considered and distinguished, as follows [237 Ala. 366, 186 So. 776]: "The Legislature intended to use the language it did use and hence the right of action in the employe's name was given in Section 7587 and withheld in Section 7586. If this be true, there is no basis for holding this action maintainable solely in the name of the injured employe. The two sections read together indicate clearly the intention of the Legislature in regard to parties who may maintain a suit for damages or proceed to the collection thereof. For example, under Section 7587, should the employer or insurance carrier recover damages in excess of the compensation payable, plus costs, attorney's fees and reasonable expenses, he shall pay to the employe or his dependents such excess money. Thus the Act takes care of any contingency between the parties which may arise as to obtaining the proceeds of the judgment. It is significant that no provision was made in Section 7586 for the subrogee to enforce its claim against the employe plaintiff should a judgment be obtained by such employe as an individual, in an action in which he alone was plaintiff and so collected. No such action was contemplated or authorized in Section 7586."

These decisions are not in conflict or are not decisive of the right as now sought to be asserted by the Western Union Telegraph Company under the first provision of Section 7587 of the Code in pleading for a decree as to deductions by appellant employe of sums recovered by the suit and the recovery by the administratrix for dependents in the third party action against the Mobile & Ohio Railroad Company (without the Act so far as this record shows), and whose agent caused the death of the son Charles L. George.

The statute that is applicable is as follows: "7587. Third party not under article 2.—Where the injury or death, for which compensation is payable under article 2 of this chapter, was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party not being subject to the provisions of article 2 of this chapter, legal proceedings may be taken by the employe or dependents against such other party to recover damages, notwithstanding the payment by the employer, or his liability to pay compensation hereunder. But in such case, if the action against such other party is brought by the injured employe, or in case of his death, by his dependents, and judgment is obtained and paid, or settlement is made with such other party, either with or without suit, the employer' shall be entitled to deduct from the compensation payable by him the amount actually received by such employe or his dependents. * * *"

The evidence shows that moneys recovered in the third party action were distributed to and enjoyed by the instant dependent.

■ It follows under the statute and the instant pleading, evidence, assignment of error and insistences of counsel that the trial court was in error in not making a deduction in favor of defendant-appellant for the moneys recovered by the administrator or dependent (John George) in the third party action, which moneys were distributed to the instant dependent. The judgment should have been so reduced. Code 1923, § 7587; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878.

■ The main insistence of appellant, that of non-liability as an independent contractor, not being sustained and this court having the right to apportion costs, the costs of this appeal will be adjudged two-thirds. against appellant and one-third against appellee. Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

It results from the foregoing that the petition for certiorari to the Circuit Court of Mobile County is granted, and the judgment of the circuit court is reversed and the cause is remanded for further proceedings therein.

Petition for certiorari granted.

Reversed and remanded.

BOULDIN, BROWN, and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

Since the original decision was rendered, the question of independent contractor has been reexamined in Dortch Baking Co., v. Walter Schoel, Ala.Sup., 194 So. 807;[1] and in that case the holding was rested on Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757.

In Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74, 77, this court said:

" '* * * A clear and concise statement of such distinction is made in our case of Republic I. & S. Co. v. McLaughlin, 200 Ala. 204, 75 So. 962, to the following effect: The relation is "determined by whether or not the person for whom he is working 'has control over the means and agencies' by which the work is done (Warrior-Pratt Coal Co. v. Shereda, 183 Ala. 118, 62 So. 721; T. C. I. & R. Co. v. Davis, 194 Ala. 149, 69 So. 544; L. & N. R. Co. v. Williams, 199 Ala. 453, 74 So. 382), (and) or has control over the means and agencies 'by which the result is produced' (Harris v. McNamara, 97 Ala. 181, 12 So. 103). In line with this test is the rule that he is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, '(not merely in the ultimate result of his work, but in all its details).' (Lookout Mt. I. Co. v. Lea, 144 Ala. 169, 39 So. 1017)." * * *

" 'An application of this test has been made in numerous cases, with the result of holding that the relation of independent contractor, and not servant, existed where the person was city salesman on commissions, using his own car (Aldrich v. Tyler Groc. Co., 206 Ala. 138, 89 So. 289 [17 A.L.R. 617]) ; where the person furnished clay by the wagon load to a mudmill of the contractee, getting the clay from pits on lands of the contractee, and was paid by the load (U. S. Cast Iron Pipe & Foundry Co. v. Fuller, 212 Ala. 177, 102 So. 25) ; where the person mined coal or iron ore for the mine operator, and was paid by the ton mined (U. S. Cast Iron Pipe & Foundry Co. v. Caldwell, 208 Ala. 260, 94 So. 540; Hubbard v. Coffin (& Leak), 191 Ala. 494, 67 So. 697) ; where the person was holding the owner's car, for the purpose of repairing it in his own way by the job, and free from direction or control of the owner as to details or manner (Freeman v. Southern Life & Health Ins. Co., 210 Ala. 459, 98 So. 461). This rule was applied in Mississippi to a truck driver selling bread to customers along a route he had selected, wherein the baker did not control him in the manner or method of selling and delivery (Crescent Baking Co. v. Denton, 147 Miss. 639, 112 So. 21) ; and in Florida, where it is said the right to control the method of work is one of the principal considerations (Gulf Refining Co. v. Wilkinson, 94 Fla. 664, 114 So. 503).' * * *

"True, in Martin v. Republic Steel Co., supra (226 Ala. 209, 146 So. 276), it was held that the criterion is not whether the owner did in fact exercise supervision, 'but rather did he have the right to do so; did he possess the power to control,' but the rules for distinguishing between independent contractors and servants as found stated in the Findlay Case, supra (General Exchange Ins. Corp. v. Findlay, 219 Ala. 193, 121 So. 710, 711), have not been altered by statute or decisions, so far as the question of control is concerned, though our cases have recognized that other elements of an independent contractor have been subject to modification. Section 7585, Code, 1923; Ex parte Am. Fuel Co., 210 Ala. 229, 97 So. 711; Ex parte W. T. Smith Lumber Co., supra (206 Ala. 485, 90 So. 807)." (Parenthesis supplied.)

A reexamination of the contract of Western Union Telegraph Co. for establishment of a Class 11–B Agency with the "Redding Drug Store by J. A. Redding, Agent" and "accepted July 7, 1937," by the Superintendent of the telegraph company without more, would create of that "agency" the relation of an independent contractor in the discharge of the services undertaken.

However, under the evidence set out in the original opinion, the manner of payment of the boy's earnings for delivery

---

[1] Post, p. 266.

of messages, the social security card of Western Union as affecting George, created by operation and conduct of business thereunder, the relation of the master and servant, as held by the circuit court and this court, was created.

It results from this that the relation subjected the Western Union Telegraph Co. to the terms of the Workmen's Compensation Act, as we have heretofore indicated. Code 1923, §§ 7596, 7586 et seq.

The application for rehearing is overruled.

ANDERSON, BOULDIN, BROWN, and KNIGHT, JJ., concur.

