The Louisville, New Albany and Chicago Railway Company *v.* Lake.

Filed Nov. 30, 1892.

---

No. 601.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* LAKE.

ATTACHMENT.—*Payment by Garnishee of Void Judgment.*—*Principal Defendant may Recover of Garnishee.*—Where, in a proceeding of attachment in another State, against a resident of this State, who makes no appearance, judgment is rendered against him without jurisdiction, a garnishee will not be protected by the judgment rendered against himself or by his payment thereof when he is subsequently sued by the principal defendant. The garnishee, for his own protection, must see that the court has jurisdiction of the principal defendant.

SAME.—*Defective Attachment Bond.*—*Absence of Jurisdiction.*—Where, in such proceeding, the attachment bond did not comply with the requirements of the [Illinois] statute, being "in the penal sum of —— dollars," instead of "in a penalty in at least double the amount of the plaintiff's claim," the court trying the case lacked one of the essential prerequisites of jurisdiction.

From the Lawrence Circuit Court.

*E. C. Field* and *W. S. Kinnan,* for appellant.

*J. E. Boruff,* for appellee.

The Louisville, New Albany and Chicago Railway Company *v.* Lake.

BLACK, J.—The appellee brought his action against the appellant before a justice of the peace, to recover for work and labor performed by the plaintiff for the defendant upon its road-bed and bridges.

Before the justice the appellee recovered judgment. The appellant appealed to the court below, and there filed an answer in two paragraphs, the first being the general denial. In the second paragraph the appellant showed the rendition of a judgment against it as garnishee in a proceeding in attachment against the appellee before a justice of the peace in the city of Chicago, Illinois, and payment into the court of the justice by the appellant of the amount so adjudged. There was a reply in denial, and upon trial by the court the finding was in favor of the appellee.

The appellant's motion for a new trial was overruled, and the question as to the sufficiency of the evidence is the only one before us.

Besides other evidence, certain statutes of the State of Illinois and a transcript of the proceedings and papers in the cause before the justice of the peace in Chicago were introduced. Among these statutes was one providing that " writs of attachment may be granted * * by justices of the peace * * upon filing with the justice a sufficient affidavit and bond to the defendant with sufficient security, to be approved by the justice, in a penalty in at least double the amount of the plaintiff's claim, conditioned," etc.

The affidavit in attachment stated as the ground of attachment that the appellee was not a resident of the State of Illinois; and the oral evidence showed that he was a resident of this State. There was no appearance by or for him before the justice in Chicago.

The attachment bond was " in the penal sum of —— dollars, current money of the United States."

Where, in such an *ex parte* proceeding in attachment against a non-resident, who makes no appearance, judgment is rendered against him without jurisdiction, a garnishee

will not be protected by the judgment rendered against himself or by his payment thereof, when he is subsequently sued by the principal defendant. The garnishee, for his own protection, must see that the court has jurisdiction of the principal defendant. Drake Attach., section 691 et seq.; Matheney v. Earl, 75 Ind. 531.

By the statute of Illinois the filing of the attachment bond, as well as the filing of the affidavit, is made an essential prerequisite to the granting of the writ.

When a bond is required preliminarily it is " an essential prerequisite to the writ, and a jurisdictional matter." Waples Attachment and Garnishment, 115.

" The giving of the bond in all essential particulars, as the statute prescribes, is, in most cases, held to be something more than a mere matter of form. Its omission is more than a mere irregularity. It is an essential prerequisite to the issuing of the writ, and where it is wanting in substantial conformity to the statute, as to its obligation and conditions, it is no bond at all. It is one of the essential prerequisites of jurisdiction." 1 Wade Attachment, section 103.

The bond filed before the justice in Chicago was not in substantial conformity to the statute in that it was not " in a penalty in at least double the amount of the plaintiff's claim," which was for one hundred dollars, while the bond was " in the penal sum of —— dollars." Copeland v. Cunningham, 63 Ala. 394.

The judgment is affirmed.

Filed Nov. 30, 1892.