(108 So. 749)

## HARBIN v. NATIONS et al. (6 Div. 658.)

(Supreme Court of Alabama. May 27, 1926.)

1. **Replevin** ⊕⇒33(2)—**Obligee cannot recover against sureties for breach of replevin bond omitting amount or penalty (Code 1923, §§ 6203, 6204).**

Suit for damages for breach of replevy bond, omitting amount and penalty, required to be inserted by officer making levy under Code 1923. §§ 6203, 6204, cannot be maintained against sureties.

2. **Principal and surety** ⊕⇒59.

Suretyship contract must be strictly construed in favor of surety.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action by Ervill Harbin against C. R. Nations and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

The bond sued upon is as follows:

"The State of Alabama, Walker County.

"——— Court, ———.

"Know all men by these presents, that we, J. H. Ensor ———, are held and firmly bound unto Ervill Harbin, plaintiff, in the just and full sum of ——— dollars, for the payment of which sum, well and truly to be made, we bind ourselves, and each of us, our and each of our heirs, executors, and administrators jointly and severally, firmly by these presents.

"Sealed with our seals and dated, this ——— day of ———, 191—.

"The condition of this obligation is such that, whereas a writ of attachment issued by Mae Amiss, clerk of the circuit court of Walker county, Ala., at the suit of Ervill Harbin, plaintiff, against the estate of J. H. Ensor, returnable to the next term of said court of said county for the sum of fifteen hundred dollars. has been placed in the hands of Guy V. O'Rear, sheriff of said county, and has been levied by him upon the following property, viz.: All lumber on yard at mill, one car lumber Sou. 15700, all lumber on RR. track Sou. belonging to Ensor Lumber Co., one special Studebaker car tag No. 12646, everything in the office except desk, one car lumber on Frisco track, and whereas said property has been delivered to J. H. Ensor upon his entering into bond. Now, therefore, if the said defendant shall fail in said action and he or his sureties return the specific property attached and above mentioned to the said sheriff within thirty days after judgment against said defendant in this suit, then this obligation to be null and void, otherwise to remain in full force and effect.

"And we and each of us hereby waive all rights of claim of exemption as to personal property we or either of us have now or may hereafter have under the Constitution and laws of Alabama, and we hereby severally certify that we have property free from all incumbrance to the full amount of the above bond. "Witness our hands and seals this ——— day of July, 1924.

"J. H. Ensor [L. S.]
"C. R. Nations [L. S.]
"J. B. Beard [L. S.]
"W. A. Narramore [L. S.]"

W. C. Davis and Curtis, Pennington & Pou, all of Jasper, for appellant.

Although a bond be insufficient as a statutory bond to support the summary remedy of forfeiture, yet it may be a perfectly good common-law obligation. Russell v. Locke, 57 Ala. 420; Wood v. Coman, 56 Ala. 283; Harrison v. Hamner, 99 Ala. 605, 12 So. 917; White v. Morring, 209 Ala. 95, 95 So. 495. Suit will lie upon the covenant which was breached. Martin v. Taylor, Fed. Cas. No. 9,166; U. S. Curtis, 100 U. S. 119, 25 L. Ed. 571; Brainard v. Jones, 18 N. Y. 37; Sedgwick on Dam. 425; 9 C. J. 131. Such a construction should be given to the bond, if possible, as will support rather than defeat it. 9 C. J. 32, 33; Loeb v. Montgomery, 7 Ala. App. 325, 61 So. 642; 4 R. C. L. 56; 5 Cyc. 753; Leech v. Karthaus, 135 Ala. 396, 33 So. 342.

Coleman D. Shepherd and R. A. Cooner, both of Jasper, for appellees.

A bond without a penalty, or with penalty left out, is void. Copeland v. Cunningham, 63 Ala. 394. A void or invalid bond is not enforceable, and cannot be a foundation for a recovery. Anderson v. Bellenger, 87 Ala. 334, 6 So. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46.

MILLER, J. This is a suit by Ervill Harbin, plaintiff in an attachment suit against C. R. Nations and others, the sureties on the replevy bond of the defendant J. H. Ensor in the attachment suit, for damages for breach of the replevy bond.

The suit as originally filed contained two counts, and was against J. H. Ensor, who was the defendant in the attachment suit, and who was the principal in the replevy bond, as well as against the sureties in the replevy bond. The plaintiff amended the complaint by striking out count 1 and by striking out J. H. Ensor as party defendant, as to whom summons was returned not found, as he is a nonresident of the state of Alabama. The remaining defendants are sureties on the replevy bond. They demurred to the complaint as amended, which then was count No. 2. The court sustained the demurrers; plaintiff declined to plead further and took a nonsuit on account of this adverse ruling to her. The cause was then dismissed by the court, and plaintiff was taxed with the court cost. This appeal is prosecuted by the plaintiff from that judgment, and the order of the court sustaining the demurrers of the defendants to count

2 of the complaint is the error assigned and argued.

It appears from this count that the plaintiff in this cause brought suit against said J. H. Ensor in the circuit court by suing out a writ of attachment; the writ was levied by the sheriff on certain personal property, particularly described by the sheriff on the writ. J. H. Ensor, defendant in attachment suit, gave replevy bond with the defendants in this suit as his sureties; the sheriff then approved the bond and delivered the property levied on to J. H. Ensor, the defendant in the attachment suit, and "he disposed of the same or has the same or the benefit thereof." The plaintiff was successful in the attachment suit, obtained judgment against said J. H. Ensor for the sum of $2,550.80. Neither said Ensor nor the sureties on said replevy bond, defendants in this cause, have delivered up said property to the sheriff, and more than 30 days have elapsed since the judgment was obtained, and demand was made on these defendants, the sureties, for the return of this property, which they have failed to do, and no demand has been made on said Ensor, as he has been out of the state and no demand could be served on him. The sheriff did not fix the value of said property attached and place the same in the face of said bond, and plaintiff could not have same forfeited for failure to deliver said property. A copy of this replevy bond appears in the report of this case.

[1] This replevy bond is in regular form, except it is blank in its penalty, blank in its date, and the names of the sureties do not appear in its body. It is insisted that it is void as to these sureties, because the amount or penalty thereof is omitted. It was the duty of the officer making the levy to have fixed the amount of the bond in double the value of the property replevied; and this amount should have been placed in its body. Section 6203, Code 1923. So when the property replevied is not delivered within the statutory period after judgment, the bond can be returned forfeited and execution issued thereon for the amount and in the manner as the statute permits. Section 6204, Code 1923.

It affirmatively appears from the complaint that the sheriff failed to fix the value of the property replevied, and the bond fails to state the amount which should be double its value. In other words, the bond contains no penalty, no amount to be paid by the principal and sureties. The amount thereof is omitted. The defendants in this suit are the sureties on that replevy bond. In discussing the rights of sureties on a statutory claim bond, this court, in Anderson v. Bellenger, 87 Ala. 336, 6 So. 82 (4 L. R. A. 680, 13 Am. St. Rep. 46), wrote:

"The contract of suretyship must be strictly construed in favor of the surety. His obligation is voluntary, without any consideration moving to him, without benefit to him, entered into for the accommodation of his principal, and generally also for that of the obligee; and courts see to it that his liabilities thus incurred are not enlarged beyond the strict letter of his undertaking. To the extent and in the manner and under the circumstances pointed out in his obligation, he is bound, and no further."

This is a suit against the sureties only for $1,789.40, with interest, "due the plaintiff from defendants for the breach of a certain replevy bond made by them, to wit, in July, 1924"; and plaintiff avers that the condition of said bond has been broken in this, "that the said defendant J. H. Ensor was not successful in said suit out of which said attachment writ was issued, but that on, to wit, November 19, 1924, she obtained a judgment in said circuit court against the said J. H. Ensor for the sum of $2,550.80, and she avers that neither said J. H. Ensor or his sureties on said bond have delivered up to the sheriff of Walker county said property so levied upon, and neither have paid said judgment or otherwise discharged the same." It will be observed the replevy bond contains this:

"Now, therefore, if the said defendant shall fail in said action and he or his sureties return the specific property attached and above mentioned to the said sheriff within thirty days after judgment against said defendant in this suit, then this obligation to be null and void, otherwise to remain in full force and effect."

Appellant insists the defendants breached this bond when they failed to deliver the property to the sheriff within thirty days after the judgment was obtained. This part of the bond is not obligatory, but the defeasance part of it. The sureties obligated to pay plaintiff blank dollars, which was in fact nothing, if they or their principal failed to return the property to the sheriff within thirty days after judgment against the defendant. The defendants could defeat their obligation or promise to pay blank dollars, nothing, by returning to the sheriff the property within the time mentioned in the statute; but they were under no promise, and no obligation to return the property. They were under obligation to pay blank dollars by the bond. J. H. Ensor, the principal in the replevy bond, and not the sureties, received the property from the sheriff.

We find the following general text in 9 Corpus Juris, p. 12, § 14, headnote 85:

"It is essential to the existence of a bond that it contains an obligation which is an undertaking by the obligor to pay a sum of money to the obligee; and accordingly a bond will be void in which the amount or penalty thereof is omitted, and a judgment thereon cannot be sustained, as such omission is a defect which cannot be supplied by oral proof of the amount intended."

This court, in a suit against the principal and sureties on an attachment bond in which

the amount or penalty was not named, but was omitted, in Copeland v. Cunningham, 63 Ala. 397, wrote:

"The present suit being on the bond, the plaintiff must recover on it, or not at all. He sues on an obligation * * * to pay blank dollars. If this be construed to mean 'dollars' in the plural—more than one—it is wholly indefinite as to the number, and we have nothing by which to determine the sum intended. If it be replied, that the defendants bound themselves to prosecute the action to effect, and to pay all such damages as the defendant might sustain from the wrongful or vexatious suing out of the attachment, the answer is, this is not the obligatory, but the defeasance part of the bond. It was the contingency, on which the obligors were not to pay money, which, but for the condition of defeasance, they had bound themselves by their contract to pay. Now the contract declared on bound the bondsmen to pay no ascertained sum, and that promise was to be void, if they prosecuted their attachment to effect, etc. We hold that the bond, which is the foundation of the suit, was a promise to pay nothing, and therefore that it could not be the foundation of a recovery. We will not say an action on the case could not have been maintained. McKellar v. Couch, 34 Ala. 336. The defect in the bond could not be supplied by oral proof, in an action at law on the bond. Garrow v. Carpenter, 1 Port. 359; Hamner v. Cobb, 2 Stew. & P. 383; Phil. Ev. Cow. & Hill's notes (1st Ed.) 1471—3; Efner v. Shaw, 2 Wend. [N. Y.] 567; Sessions v. Barfield, 2 Bay [S. C.] 94; Mead v. Steger, 5 Port. 498; Sanford v. Howard, 29 Ala. 684, 68 Am. Dec. 101."

[2] The sureties on this replevy bond contracted to pay no ascertained sum. If the bond was breached by them, it was in failing to pay what they obligated, bound themselves in the bond to pay, which was nothing. The contract, the bond, is the foundation of this suit. The plaintiff claims damages for its breach by the sureties. The sureties obligated themselves to pay nothing, if the property was not returned; so we must hold this suit for damages for its breach cannot be maintained against the sureties.

"The contract of suretyship must be strictly construed in favor of the surety. * * * 'He has a right to stand upon the very terms of his contract.'" Anderson v. Bellenger, 87 Ala. 336, 6 So. 82 (4 L. R. A. 680, 13 Am. St. Rep. 46), and authorities supra.

It results that this count numbered 2 of the complaint was subject to the demurrer of the defendants, and the court did not err in sustaining it.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.