(127 So. 171)
GREENFIELD et al. v. POWELL.
5 Div. 45.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Denson & Denson, of Opelika, for appellants.

Ball & Ball, of Montgomery, and C. A. De Bardeleben, of Tuskegee, for appellee.

FOSTER, J.

The judgment was in favor of plaintiff for the recovery of land on a count in statutory ejectment, and for damages for the conversion of sand and gravel taken from the land on a count in trover. In taking an appeal to this court, defendant executed a supersedeas bond, with penalty equal to more than double the amount of the moneyed judgment conditioned to prosecute the appeal to effect and "pay such judgment as the Supreme Court may render in the premises." At that time there was no bond or other obligation filed

which was expressly conditioned to pay the costs of appeal. On the day of the submission of the case, such a bond was filed in this court.

■ Motion to dismiss the appeal is made because no security for costs of appeal was given within six months, as required by sections 6127 and 6131, Code. It will be noted that the judgment is both for the recovery of land and for money. The supersedeas bond only suspends collection of the money as authorized by section 6133. It is properly conditioned to supersede the judgment for money, but not for the possession of land. It is claimed that such a supersedeas bond so conditioned does not secure the costs of appeal, and appellee has, therefore, moved to dismiss the appeal. A supersedeas bond, so conditioned, was considered by this court in Hughes v. Hatchett, 55 Ala. 539. In that case it was held that the bond did not have the effect to supersede the judgment because in that case it was not a moneyed judgment, and therefore the court said that "Upon a bond so given, this court can render no judgment against the sureties, except for costs." Steele v. Tutwiler, 63 Ala. 368. The Supreme Court, on appeal, uniformly renders a judgment for the costs of appeal. Therefore, if appellant fails to prosecute the appeal to effect, and this court renders judgment against him for the costs of appeal, and he fails to pay such costs, the condition of the bond is breached. Therefore, upon a bond so conditioned, this court has the power, if it affirms the case on appeal and taxes appellant with the costs of appeal, to render a judgment against the sureties on the supersedeas bond for such costs of appeal. Code, § 6153. We do not find it necessary to consider the effect of the bond for costs filed on the date of submission. For the reasons stated, we are constrained to overrule the motion to dismiss the appeal.

On the former appeal of this case, 218 Ala. 397, 118 So. 556, this court referred to the principles of law controlling the effect of a change in the course of a stream as the boundary line between adjoining proprietors. On this appeal, counsel seem to think that the case of Nebraska v. Iowa, 143 U. S. 359, 12 S. Ct. 396, 397, 36 L. Ed. 186, is somewhat more favorable to appellant in its statement of the principles than those expressed on former appeal. But we do not so interpret that opinion. It shows distinctly that a change of the channel caused by a gradual imperceptible process of accretion has the effect of changing the boundary line with such changes of the stream. But not so when the change is sudden and perceptible, by a condition which, by the authorities, is termed avulsion. There are expressions in the case of Nebraska v. Iowa, supra, which may cause some confusion unless care is had in observing them. The case has reference to the Missouri

river, and the sudden and perceptible breaking off of large heaps of earth from the bank on one side, which disintegrate and make the waters proverbially muddy, but its particles are carried off in the stream. It is stated to be true that if the channel "suddenly abandons its old and seeks a new bed, such change of channel works no change of boundary. * * * This sudden and rapid change of channel is termed, in the law, 'avulsion.'" It is also pointed out that if such violent and visible change arises from a known cause, such as a freshet, it is avulsion, and not accretion. It is shown as to the Missouri river that by such sloughing of the bank on one side, the other side is not perceptibly affected; that the "accretion, whatever may be the fact in respect to the diminution, is always gradual, and by the imperceptible deposit of floating particles of earth. * * * There is no heaping up at an instant, and while the eye rests upon the stream, of acres or rods on the forming side."

■ We do not understand that the same earth must be transferred from one side to another, but that a new channel must be made so that on the forming side, the change must be as distinct and perceptible as on the other side, and the new bank produced by the same general cause. In other words, when a freshet takes away in its waters large heaps of the bank of a stream, and, after such freshet subsides, it is plainly evident that a substantial deposit had taken place on the opposite side of the stream, and its channel thereby is shifted toward the bank where the caving took place, it sufficiently appears that this was due to avulsion and not to accretion. Nix v. Dickerson, 81 Miss. 632, 33 So. 490.

This is all consistent with the statements of the rule expressed on former appeal, and we think appellant's rights on this appeal are controlled by the principles there stated. We also think that such statement is consistent with the case of Nebraska v. Iowa, supra. That case has been reaffirmed in Philadelphia Co. v. Stimson, 223 U. S. 605, 32 S. Ct. 340, 56 L. Ed. 570, cited on former appeal. The text of 9 Corpus Juris, 195, quoted on that appeal, seems to be taken verbatim from the body of the opinion in St. Clair County v. Lovingston, 23 Wall. 46, 23 L. Ed. 59, at page 64. It appears from the foregoing that the legal principles which have application are fully settled.

On the trial of the case, the circuit court seems clearly to have understood and applied them, and so instructed the jury.

On the former appeal, this court concluded that the verdict was not sufficiently supported by the evidence, but that the great preponderance of the evidence, as then appeared in the record, supported appellant's contention that the change in the channel of the creek was produced by accretion and not avulsion, and

therefore reversed the case and remanded it for another trial.

Appellant in brief does not contend that the evidence on this appeal is substantially the same as it was on the former appeal in this respect.

█ There is ample evidence in the record on this appeal showing that the changes in the channel of the stream were due to avulsion as we understand, and have discussed, the term. There was evidence that, beginning, and principally in 1916, during a freshet, the bank on the north side to a large extent washed away and thereby and immediately there was caused a distinct change in the channel, extending the south bank further north. There was evidence of other such occurrences.

We cannot, therefore, say from the evidence in this record that it was so decidedly contrary to the verdict that the circuit court should have set it aside on motion for new trial.

█ The principles included in the charges refused appellant were all embraced in the general oral charge or those given at his instance, except the general affirmative charge for appellant. This was properly refused.

We have considered all the matters discussed by counsel for appellant, and find no reversible error, though we have treated only those which seem to justify comment.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.