(128 So. 389)

### BEDWELL et al. v. DEAN et al.
### 7 Div. 932.

Supreme Court of Alabama.

May 15, 1930.

Chas. F. Douglass, of Anniston, for appellants.

Bibb, Field, Field & Woolf, of Anniston, for appellees.

The motion to dismiss the appeal is therefore overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

**FOSTER, J.**

The submission in this court is only on motion to dismiss the appeal.

The facts material to the question are that a final decree in equity was entered October 17, 1928, denying relief to complainants and dismissing their bill.

They sought to take an appeal to this court by filing bond in the form of a supersedeas bond conditioned as provided by section 6132, Code. In its form as approved, it was filed April 17, 1929. This was the last day of the six months in which they had the right to appeal. The bond was not approved until the next day, April 18th. It was approved on that day in the form and with the sureties as filed on April 17th.

Appellees base their motion on the fact that the appeal was not perfected until the bond was approved because it was a supersedeas bond, and that when an appeal is taken by the execution of such a bond, subdivision (c), section 6101, Code, requires that the approval within the six months is a prerequisite. They distinguish the language of subdivision (b) from that of (c). Subdivision (b) provides for appeals by "giving security for the costs of the appeal to be approved by the clerk, or," etc.; subdivision (c) "By giving and having approved a supersedeas bond conditioned as required by law." They claim that the language of this statute is imperative that a supersedeas bond must be approved in six months, and that the rule pertaining to security for costs is different and the construction placed upon the effect of a later approval of that nature of appeal bond does not apply here. It is settled that the appeal is perfected when a good and sufficient security for costs is filed, though not approved until after the expiration of the time for taking an appeal. Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Cochran v. State, 206 Ala. 75, 89 So. 278; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363.

The same reasoning applies to the approval of a supersedeas bond, and this court so held in the case of Burgin v. Sugg, 210 Ala. 142, 97 So. 216. The difference in the language of subdivisions (b) and (c) is not significant. Besides, this court has held that a supersedeas bond with such a condition is a security for the costs, and therefore subdivision (b) applies if that makes any difference. Greenfield v. Powell, 220 Ala. 690, 127 So. 171.