149 So. 350

## WATSON et al. v. OHIO CONTRACT PURCHASE CO.

### 7 Div. 962.

Court of Appeals of Alabama.

May 23, 1933.

Rehearing Denied June 30, 1933.

Motley & Motley, of Gadsden, for appellants.

E. G. Pilcher, of Gadsden, for appellee. Brief did not reach the Reporter.

RICE, Judge.

Detinue suit was begun by appellee against appellant W. L. Watson in the court of a justice of the peace, seeking the recovery, etc., of a certain washing machine. It (appellee) was successful there—the justice of the peace rendering judgment in its favor for the said washing machine, or its alternate value, fixed by him at $25.

The "costs" in the justice court being $14.10, defendant Watson executed an appeal bond to the circuit court, with J. A. Thomas and A. L. Crump as his sureties, in the amount of $64.20 (Code 1923, § 8779); said appeal bond being in form, substance, etc., so far as we can see, substantially as provided by form 3, Code 1923, § 8795.

Upon the trial in the circuit court—de novo, as the statute requires (Code 1923, § 8784)—before the court sitting without a jury, none having been demanded, etc., that court ren-

dered judgment in favor of appellee and against appellants Watson and Thomas and Crump, his sureties, etc. (Code 1923, § 8789), for the said washing machine, or its alternate value, *fixed by him* at $75.

This appeal is by Watson, Thomas, and Crump, who severally and separately assign errors.

Of course, we see nothing wrong with the judgment against Watson, the original defendant, and the same is affirmed. Code 1923, § 8784.

■ As for appellants Thomas and Crump, the sureties on Watson's appeal bond from the court of the justice of the peace to the circuit court, against whom judgment was rendered in the circuit court apparently under the supposed authority of Code 1923, § 8789, we observe that said section 8789 of the Code provides—in the case of appeals from the court of a justice of the peace to the circuit court—that: "When, on appeal or certiorari, the judgment is *affirmed*, judgment must be rendered by the court against the *sureties*," etc. (Italics ours.)

Strictly speaking—and for all we can anticipate with assurance, as to what our Supreme Court will hold (Code 1923, § 7318), *accurately* speaking—the judgment rendered in the court of the justice of the peace was not, and could never be, in such case, or any other, "affirmed" in the circuit court, according to the letter of Code 1923, § 8789; and therefore the judgment against Thomas and Crump, the sureties here, in any amount was unauthorized and illegal. See Louisville & Nashville Railroad Co. v. Lancaster, 121 Ala. 471, 25 So. 733; Abraham v. Alford, 64 Ala. 281; and Harsh et al. v. Heflin, 76 Ala. 499, and Code, § 8784, supra.

But such a holding would, it seems to us, entirely eviscerate section 8789 of the Code. We do not believe our Supreme Court would adopt such a view if the question were now before it.

We prefer to believe that that court would hold—hence we do (Code 1923, § 7318)—that the real meaning and intention of the word "affirmed" as used in section 8789 of the Code is that adopted by the Supreme Court of Appeals of Virginia in the case of National Surety Co. et al. v. Commonwealth ex rel., etc., 125 Va. 223, 99 S. E. 657, in a situation which we consider similar to that presented here, viz.: A "judgment is *'affirmed'* within a supersedeas bond conditioned to satisfy it in such event to the extent that it remains unchanged by an amended judgment [here, a judgment de novo] on appeal," etc.

■■ So holding, here the judgment in the circuit court went properly against Thomas and Crump, but only for the amount—included in the actual judgment rendered—of the judgment against them in the court of

the justice of the peace, plus the costs of the "Inferior (Justice of the Peace) and Appellate (Circuit) Court" (Code 1923, § 8789)—limited, of course, by "the strict letter of their undertaking" (Harbin v. Nations et al., 214 Ala. 649, 108 So. 749); i. e., here, the actual *amount* named in the bond which they signed.

If, as may be, such limited amount of the judgment which the circuit court was authorized to render against the sureties Thomas and Crump, in this case, is insufficient to cover both the amount of the judgment in the court of the justice of the peace and the amount of "costs" in both "the Inferior and Appellate Court," the fault lies, as we conceive, in the taking by the justice of the peace of an appeal bond in too small an amount—he being authorized, as we construe the statute, to exact an appeal bond in sufficient amount, under Code 1923, § 8779, to cover, etc., the amount of the judgment in his court including "costs," meaning by "costs" the costs in *his* court plus the *estimated* costs in the circuit court. But, however that is, nothing can be done about it in this proceeding.

The judgment, as to Thomas and Crump, is reversed, and the cause remanded, in order that judgment may be rendered in accordance with what we have said hereinabove.

Affirmed as to appellant Watson.

Reversed as to appellants Thomas and Crump. Cause remanded.