177 So. 132

## JOURNEQUIN v. LAND.

2 Div. 103.

Supreme Court of Alabama.

Nov. 18, 1937.

J. D. Lindsey and D. M. Boswell, both of Butler, for appellant.

W. J. Dansby, of Butler, for appellee.

GARDNER, Justice.

 Judgment in this cause for defendant was entered on the jury's verdict September 14, 1936. Motion for a new trial was filed October 15, 1936, and judgment entered overruling the motion on October 28, 1936. Bond for appeal was approved and filed July 20, 1937. The appeal is governed by section 6127, Code of 1923, fixing a limitation of six months. Manifestly, the appeal was taken too late.

Appellee's motion to dismiss the appeal, filed after submission of the cause here, likewise came too late. But a jurisdictional question is presented. Our authorities are to the effect that an appeal taken after the time prescribed by the statute will be dismissed ex mero motu, as the court is without jurisdiction for consideration of the cause. Irwin v. Weil, 228 Ala. 489, 153 So. 746; Carlisle v. Carmichael, 222 Ala. 182, 131 So. 445; Wetzel v. Dixon, 227 Ala. 46, 148 So. 857.

Appellant seeks to avoid the result of the foregoing undisputed facts by exhibiting additional certificates of the clerk to the effect the docket shows a notation of notice of appeal by plaintiff in ample time, and that a bond for security for costs was given by plaintiff prior to entering upon the trial; motion being made to that effect by defendant upon the ground that plaintiff was a nonresident of the state. One of plaintiff's counsel filed affidavit that a notice of appeal was filed in the cause likewise in ample time.

 Conceding, without deciding, the admissibility of all of these matters, plaintiff's situation is not improved. Neither notation of an appeal on the docket, nor a notice of appeal filed in the cause, meets the requirement of our statute. And it is clear enough the bond given before the trial, required by statute to be given by nonresidents, has no relevancy to the matter of appeal. Our statute requires that appellant "give security for the costs of such appeal." Section 6121, Code 1923. And our decisions are uniform to the effect that the appeal is only perfected when a good and sufficient security for costs of such appeal is filed. Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26.

It results, therefore, that, even considering all the matters above noted, offered by appellant, the appeal was never perfected within the time required by our statute, and of consequence must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.