194 So. 807

**DORTCH BAKING CO. et al. v. SCHOEL.**

**6 Div. 641.**

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Granted in Part March 21, 1940.

A. Berkowitz and James L. Permutt, both of Birmingham, for appellants.

Harsh, Harsh & Hare, of Birmingham, for appellee.

THOMAS, Justice.

The appeal challenges the failure of the trial court to give several requested affirmative charges for the respective defendants indicated.

The question of fact presented by the general issue was as to the agency vel non of the driver of the car, one of the defendants—Thomas D. Mattison. The contention of the defendant was, and is, that he was not a servant or agent of the Dortch Baking Company, but an independent contractor.

The judgment was against the Dortch Baking Company and Fred Dortch and Thomas D. Mattison. The judgment being reduced in response to defendant's motion, no insistence is made that the judgment was excessive. No appeal was taken by Mattison.

In Moore-Handley Hardware Co. v. Williams, Ala.Sup., 189 So. 757, 762,[1] it was said: "* * * But, as observed in Birmingham Post Co. v. Sturgeon, supra [227 Ala. 162, 149 So. 74], it is not possible to lay down a hard and fast rule or state definite facts by which the status of men working and contracting together can be definitely defined in all cases as employee or independent contractor. Each case must depend upon its own peculiar facts."

See also on this question Slaughter v. Murphy, Ala.Sup., 194 So. 649;[2] Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Craft v. Koonce, 237 Ala. 552, 187 So. 730; Chandler v. Owens, 235 Ala. 356, 179 So. 256. There is analogy in the case of Western Union Telegraph Co. v. George, ante, p. 80, 194 So. 183.

After a close examination of all the testimony, we are convinced that the following evidence or inferences constitute the only matter that could conceivably relate to the alleged agency of Mattison with the Dortch Baking Company: (1) The disputed fact, but admitted for the sake of argument, that the name "Dortch" appeared on the truck which Mattison was driving at the time of the collision; (2) the inference to be drawn from the fact that a Mr. Carter, an employe of Dortch Baking Company, appeared on the scene of the accident shortly thereafter; (3) the fact that the defendant Mattison stored his trucks in a garage almost adjacent to the plant of Dortch Baking Company.

Assuming that at the time of the collision, the name "Dortch" appeared on Mattison's truck, assuming that Mr. Carter, an admitted employee of the Dortch Baking Company, did appear shortly after the collision (which the defendant does not deny), and assuming further that Mr. Mattison did keep at least two of his cars in a garage almost adjoining the premises of the Dortch Baking Company, did the inferences to be derived from such facts justify the trial court in submitting the question of agency to the jury and in refusing to grant the affirmative charge requested in writing on behalf of the defendants, Dortch Baking Company and Fred H. Dortch? We are of opinion and hold that this tendency of evidence warranted the submission of the question of Mattison's agency to the jury. Tobler v. Pioneer Mining and Mfg. Co., 166 Ala. 482, 52 So. 86; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

Thus we are brought to the consideration of the motion for a new trial on the sufficiency of the evidence. The verdict was contrary to the great weight of the evidence as to the fact of agency as against that indicating that Mattison was an independent dealer and contractor. The rules that obtain as to a servant and an independent contractor are well stated in Greenwald v. Russell, 233 Ala. 502, 172 So. 895; General Exchange Ins. Corp. v. Findlay, 219 Ala. 193, 121 So. 710; Republic Iron & Steel Co. v. McLaughlin, 200 Ala. 204, 75 So. 962; Western Union Telegraph Co. v. George, Ala.Sup., 194 So. 183;[3] Crescent Baking Co. v. Denton, 147 Miss. 639, 112 So. 21; Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276; Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74.

General authorities touching the question of independent contractor are: Haden Co. v. Riggs, Tex.Civ.App., 84 S.W.2d 789; Riggs v. Haden & Co., 127 Tex. 314, 94 S. W.2d 152; Brownrigg v. Allvine Dairy Co., 137 Kan. 209, 19 P.2d 474; and Montana Supreme Court's ruling in Ashley v. Safeway Stores, 100 Mont. 312, 47 P.2d 53.

In short the distinction between the two relations may be said to be determined by whether or not the person for whom one is working has control over the means and agency by which the work is done; or has control over the means and agency by which the result is produced; or that the master has the supreme choice, control and direction of the servant and whose will the servant represents not merely in the result of the work, but in all of its details. Otherwise stated, for one to be a servant, the other party must retain the right to di-

---

[1] 238 Ala. 189.   [2] Ante, p. 260.   [3] Ante, p. 80.

rect the manner in which the business shall be done, as well as the result to be accomplished—not only what shall be done, but how it shall be done. This principle was applied in Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, 17 A.L.R. 617, where it was held that the relation of an independent contractor existed where the person was a city salesman on commission, using his own car, going where and when he pleased in making sales on commission. To like effect is the holding in Taylor v. General Refrigeration Sales Co., 231 Ala. 469, 165 So. 572.

The instant facts are to be tested by the foregoing authorities as to the relation vel non of an independent contractor. The defendant Mattison (a) did not have a designated route and could sell the products of the baking company to whom he saw fit; (b) the defendants or either of them had no control over Mattison and could not restrict or transfer him from one route to another; (c) neither of the defendants exercised control over the price at which Mattison sold said products after he purchased them from the Dortch Baking Company; and (d) Mattison purchased his own pies and cakes in kind and quantity and sold them to his customers on his own account and on such terms as he saw fit.

When the whole evidence is considered, there is no dispute in the foregoing assertions of fact.

■ It would follow from the foregoing that the great preponderance of the evidence was against the verdict of the jury, and on this point, a new trial should have been granted by the trial court. Whether the evidence be interpreted to show that Mattison was an independent contractor or an independent dealer, the verdict was contrary to the great weight of evidence and must be reversed on that account; but the judgment as to defendant Mattison is left in full force and effect.

Reversed, rendered and remanded as to appellants, Dortch Baking Company, a Partnership, and Fred H. Dortch.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

THOMAS, Justice.

■ It may be said in response to the application for rehearing that appeals are of statutory creation, and authority there-

for "must be found in the statute." Lee v. City of Birmingham, 221 Ala. 419, 128 So. 902. The right of appeal being statutory, an appellant must conform to the statute. Ex parte Jonas, 186 Ala. 567, 64 So. 960; 2 Alabama Digest, Appeal and Error, page 378, ⊜1.

The pertinent statutes are those which require a bond for security for costs of appeals and for supersedeas. Michie's Code, §§ 6131, 6132, 6134.

In Louisville & Nashville R. Co. v. Shikle, 206 Ala. 494, 90 So. 900, it was held that a failure to serve summons on a co-defendant will not invalidate an appeal and on authority of City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25, it was observed that the right of an appeal by one of several parties to a judgment is authorized, and there is no occasion nor necessity for a severance to allow separate assignments of error, where the appeal is taken in the name of only one defendant.

■ In the instant case the suit was against Thomas D. Mattison (the alleged servant of the baking company), "Dortch Baking Company, a corporation, and Fred H. Dortch, doing business as Dortch Baking Company." The complaint was amended on the trial to meet the evidence by eliminating the corporation and the partnership was sued by its common name. The statute having application did not require that the several partners be set out in a suit against the partnership as such. This is required only in a suit by the partnership. Michie's Code, § 5722; McCaskey & Ratcliff v. Pollock & Co., 82 Ala. 174, 2 So. 674; Howton v. Du Pont de Nemours & Co., 214 Ala. 479, 108 So. 344.

The judgment rendered was against the three defendants. On the original hearing we indicated that there was error to reversal as to the partnership defendant and that the cause was reversed and remanded as to the Dortch Baking Company, a partnership, and Fred H. Dortch, and the judgment of the lower court as to Mattison was not disturbed.

On this application it is necessary that we again consider the status of Fred H. Dortch and Thomas D. Mattison. The record shows no appeal by Mattison and the pertinent inquiry now is as to whether the record shows an appeal by Fred H. Dortch. If such is the fact as to either one of said defendants in judgment, this court is without jurisdiction as to such defendant, and the judgment of the circuit court remains

in full force and effect as to such defendant.

The record fails to show that there was any attempt by the Dortch Baking Company, a partnership, to file a bond as security for costs of the appeal, as required by Section 6131 of the Code, but that a supersedeas was given by the Dortch Baking Company, a partnership, under Section 6132 of the Code. Pursuant to the construction given these statutes in a recent decision, we are of the opinion and hold that the terms of the supersedeas given by the Dortch Baking Company, a partnership, under Section 6132 of the Code, was compliance with the statute that effectuated an appeal, when given and approved as such bond for appeal by the clerk of the circuit court. Greenfield et al. v. Powell, 220 Ala. 690, 127 So. 171, 172.

In the last cited authority it is said: "The Supreme Court, on appeal, uniformly renders a judgment for the costs of appeal. Therefore, if appellant fails to prosecute the appeal to effect, and this court renders judgment against him for the costs of appeal, and he fails to pay such costs, the condition of the bond is breached. Therefore, upon a bond so conditioned, this court has the power, if it affirms the case on appeal and taxes appellant with the costs of appeal, to render a judgment against the sureties on the supersedeas bond for such costs of appeal. Code, § 6153. * * *"

The effect of this decision was that the supersedeas bond given in the instant case is a sufficient statutory compliance by the Dortch Baking Company, a partnership, to perfect its appeal and to give this court jurisdiction as to the judgment against it. It may be observed that such bond did not purport to perfect or to effectuate an appeal by Fred H. Dortch or Thomas D. Mattison from the judgment rendered by the circuit court against them, respectively. And as to such defendants in judgment this court is without jurisdiction to change the judgment so rendered.

As to the Dortch Baking Company, the judgment of reversal and remandment, as indicated on the original hearing, is not disturbed on the application for rehearing.

The original judgment here, reversing the cause as to Fred H. Dortch, is in error, and the application for rehearing is granted as to him, the judgment of the circuit court remaining in full force and effect as to said Fred H. Dortch.

Application for rehearing granted as to Fred H. Dortch and denied as to the Dortch Baking Company.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.