25 So.2d 414

**BARNETT et al. v. CRUMPTON et al.**

7 Div. 870.

Supreme Court of Alabama.

March 28, 1946.

S. A. Lokey, of Columbiana, for appellants.

Paul O. Luck, of Columbiana, for appellees.

notation of an appeal on the docket, nor a notice of appeal filed in the cause, meets the requirement of our statute."

But we forego further discussion. It is to our mind clear enough the appeal was not taken within the time prescribed by the statute and must be dismissed. It is so ordered.

Appeal dismissed.

FOSTER, LAWSON, and STAKELY, JJ., concur.

25 So.2d 419

## BIRMINGHAM SOUTHERN R. CO. v. KENDRICK.

### 6 Div. 398.

Supreme Court of Alabama.

March 28, 1946.

GARDNER, Chief Justice.

The appeal is from a decree rendered November 7, 1945, determining the question of the validity of certain claims filed against the estate of W. H. Templin, deceased, the administration of said estate having been removed from the Probate Court to the Circuit Court of Shelby County, in Equity. The proceedings were governed by the provisions of Sec. 216, Title 61, Code 1940, as amended by the act of July, 1943, now appearing as Sec. 216, Title 61, Code 1940, Cumulative Pocket Parts.

Motion of appellees to dismiss this appeal is rested upon the theory the appeal was not taken within the period of thirty days, as prescribed by the above-cited statute. The motion is well taken. The decree, as above noted, was rendered November 7, 1945. Bond for the appeal (here required) was filed and approved December 28, 1945. Our decisions are uniform to the effect that the appeal is perfected only when a good and sufficient security for costs of such appeal is filed. The case of Journequin v. Land, 235 Ala. 29, 177 So. 132, is directly in point and fully supported by the authorities cited therein.

We are unable to see that this ruling in any manner runs counter to any provision of Sections 754, 766, 767, 788, 801, 806, Title 7, Code 1940, cited by appellants, each of which we have carefully considered. And the argument advanced, that notice of an appeal given within the thirty day period would suffice, is likewise answered by the above-cited authority, wherein is the following observation: "Neither