90 So.2d 922

**RALSTON PURINA COMPANY, d/b/a Check-R-Board Feed Stores, et al.**

v.

**Hurley PIERCE.**

**8 Div. 845.**

Supreme Court of Alabama.

Oct. 4, 1956.

Rehearing Denied Dec. 13, 1956.

Clark E. Johnson, Jr., Albertville, for appellee.

## PER CURIAM.

Appellants having lost their case and suffered judgment for $2,500 and costs in the court below, undertook to execute a supersedeas bond as provided by Section 793, Title 7, Code 1940, rather than security for costs only as provided by Section 792, Title 7, Code 1940.

Approximately eighteen days before the cause was submitted here, the appellee filed in this court a written motion to dismiss the appeal for want of proper security for costs. This motion shows due service on counsel for appellants. The cause was submitted here on the merits and on appellee's motion to dismiss the appeal. No effort was made by the appellants prior to submission to avail themselves of the provisions of Sections 805 or 806, Title 7, Code 1940. Section 805, supra, reads: "An appeal must not be dismissed because of any error, mistake, or irregularity in the taking thereof, or because of any defect in the certificate; but on motion all such amendments, as are necessary to perfect it must be allowed." Section 806, supra, provides in substance that no appeal shall be dismissed for want of a sufficient bond if the appellant will give a sufficient bond.

However, approximately one week after the cause was submitted here, the appellants filed in the office of the clerk of the

---

H. H. Conway, Albertville, and Scruggs & Scruggs, Guntersville, for appellants on appeal; Martin & Blakey and Wm. J. Ward, Birmingham, for appellants, on application for rehearing.

trial court a bond to secure the costs of the appeal and a supersedeas bond which shows on its face to be amendatory of the bond which was originally filed with the clerk of the trial court. On the following day certified copies of each of those bonds were filed in the office of the clerk of this court. These efforts to present a better record made while the cause was under submission here on the merits come too late. Birmingham Trust & Savings Co. v. Currey, 175 Ala. 373, 57 So. 962; Lowry v. Hill, 211 Ala. 645, 101 So. 586. In our recent case of Terry v. Gresham, 254 Ala. 349, 48 So.2d 437, counsel for appellant in his oral argument made prior to submission on the motions to dismiss and to expunge, requested permission to file a bond in compliance with a statute there involved if we found the bond in the record not to comply. We granted that opportunity but there had been no submission on the merits and the bond, though not conditioned so as to comply with the applicable statute, that is, Section 779, Title 7, Code 1940, was good as to security for costs. In Hall v. Proctor, 239 Ala. 211, 194 So. 675, submission on the merits was conditioned upon the appellants filing a good and sufficient security for costs of appeal. In Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803, the insufficiency of a bond was met or offered to be remedied by a new bond that was offered to the court on submission of the cause.

We come now to a consideration of the appellee's motion to dismiss the appeal because of the failure to file proper security for costs without giving consideration to the bonds filed after submission here on the merits.

■ We have said that an appeal is perfected only when a good and sufficient security for costs of appeal is filed. Journequin v. Land, 235 Ala. 29, 177 So. 132, and cases cited; Barnett v. Crumpton, 247 Ala. 572, 25 So.2d 414. But we have refused to dismiss appeals where the appellant did not file a bond or other obliga-

tion expressly conditioned to pay the costs of appeal, but did execute and file "a supersedeas bond, with penalty equal to more than double the amount of the moneyed judgment conditioned to prosecute the appeal to effect and 'pay such judgment as the Supreme Court may render in the premises.'" Greenfield v. Powell, 220 Ala. 690, 127 So. 171, 172. See Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Dortch Baking Co. v. Schoel, 239 Ala. 266, 194 So. 807.

■ The bond filed by the appellants in this case is conditioned to prosecute the appeal to effect and to "satisfy such judgment as the Supreme Court may render in this case, etc." In this respect the bond is sufficient under the authorities to which we have just referred. Appellee does not question our holding in those cases, but contends that the bond filed by the appellants, though properly conditioned, is in actuality a nullity because it is blank in its penalty, that is, no sum is named in the penal part of the bond and, therefore, it is argued there has been no compliance with the provisions of Section 793, Title 7, Code 1940. We are constrained to the conclusion that the absence of a penalty in this type of bond renders it inefficacious, not only as a supersedeas bond, but for all purposes and, therefore, it is not sufficient to secure the costs of appeal, although in a bond to secure costs of appeal no fixed penalty is required. Henry v. Gamble, Minor 6. See Harbin v. Nations, 214 Ala. 649, 108 So. 749; Copeland v. Cunningham, 63 Ala. 394; Louisville, N. A. & C. Ry. Co. v. Lake, 5 Ind.App. 450, 32 N.E. 590; Spring Garden Ins. Co. v. Lemmon, 117 Iowa 691, 86 N.W. 35.

■ Inasmuch as good and sufficient security for costs of appeal was not filed prior to submission on the merits, and no order of this court was obtained prior to such submission to permit the subsequent filing of security for costs, we feel impelled

to grant the appellee's motion to dismiss the appeal. It is so ordered.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN, MERRILL and ·SPANN, JJ., concur.

LAWSON, J., dissents.

LAWSON, Justice (dissenting).

I entertain the view that the bond filed by the appellants in the office of the circuit clerk prior to submission here, although very inartificially drawn, is sufficient as a bond to secure costs of appeal and hence I cannot agree that the appeal in this case must be dismissed.

In the very early case of Henry v. Gamble, Minor 6, cited in the opinion of the court, appellee's motion to dismiss the appeal was granted on the ground that no sum was named in the penal part of the bond.. The statute then extant provided "that either party may appeal from any final judgment or decree of any circuit court," etc., upon "entering of the bond with security approved by the court in double the amount," etc. In upholding the motion to dismiss, the court said: "* * * The Legislature have required that the party in whose favor the judgment has been rendered shall be secured before the judgment shall be suspended, and that bond with security in double the amount of the debt or damages, etc., shall be given by the appellant as a condition precedent to his coming into this court. The sum intended to be secured by the bond, is as much a matter of the supersedeas as sealing and delivery. We could, with as much propriety now take a new bond, as permit the penalty to be inserted."

But an appeal to this court under our present statutes is not dependent upon the execution of a bond securing the successful party, although generally speaking the judgment is not suspended unless such a bond is executed in the amount and conditioned as required by statute. Here, the appellants could have simply filed security for costs without supersedeas. The fact that they sought to supersede and failed in their efforts in that respect, in that no sum was named in the penal or obligatory part of the bond, does not in my opinion decrease the sufficiency of the bond as one to secure the costs of the appeal, inasmuch as our holdings in Greenfield v. Powell, 220 Ala. 690, 127 So. 171, and Bedwell v. Dean, 221 Ala. 224, 128 So. 389, are to the effect that while the security for costs of appeal in a supersedeas bond is found in the defeasance part of the bond, nevertheless those provisions are obligatory. See Northern Neck Mutual Fire Association of Virginia v. Turlington, 136 Va. 44, 116 S.E. 363; Rogers v. Herbst, 25 N.M. 408, 183, P. 749.

The fact that the amount of the judgment rendered in the trial court is incorrectly stated in the bond and that one of the defendants below appears to have approved the bond rather than to have signed it as an obligor, does not render the bond insufficient as one to secure costs of appeal.

I feel that the record shows that the defendants below intended to execute a bond in strict conformity with the provisions of Section 793, Title 7, Code 1940, and that the mistakes in the bond are but mistakes of the clerk of a kind which do not destroy the efficacy of the bond as one to secure costs of appeal. I also feel that the action of the court is contrary to the intent of the legislature as manifested by the provisions now codified as Sections 805 and 806, Title 7, Code 1940.