130 So.2d 334

Ezra BROWN et al.

v.

James M. OLIVER et al.

8 Div. 18.

Supreme Court of Alabama.

May 25, 1961.

H. Neil Taylor, Russellville, for appellants.

Guin, Guin & Cleere, Russellville, for appellees.

SIMPSON, Justice.

This cause was submitted on the motion of appellee to dismiss the appeal and on the merits. It is unnecessary to state the merits of the case since we view the motion as well taken.

Ground of the motion to dismiss the appeal is that security for costs of the appeal has not been given as required by law.

Section 792, Title 7, Code 1940, as pertinent, provides:

"An appeal may be taken without giving bond to supersede the execution of the judgment or decree, by the appellant giving security for costs of such appeal, to be approved by the clerk, register, or judge of probate; * * *".

The appeal bond in the instant case is transcribed below:

"Know All Men By These Presents, That we, Ezra Brown and Gorman Brown are held and firmly bound unto the Register of the Circuit Court of Franklin County, Alabama, in the just and full sum of Two Hundred & 00/100 Dollars for the payment of which, well and truly to be made and done, we bind ourselves, and each of us, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 27th day of October, 1959.

"The condition of the above obligation is such, that whereas, James M. Oliver, et als., obtained a decree in the above styled cause in the Circuit Court in Equity for said county on the 28th day of April 1959, from which decree the said Ezra Brown and Gorman Brown has obtained an appeal returnable to the next term of the Supreme Court of Alabama.

"Now, therefore, if the said Ezra Brown and Gorman Brown shall prosecute the said appeal to effect, and satisfy such decree as may be rendered against them in said cause by the Supreme Court, then this obligation is to be null and void, otherwise to remain in full force and effect.

"And we, and each of us, hereby waive all rights of claim of exemption as to personal property we or either of us have now or may hereafter have, under the Constitution and Laws of Alabama, and we hereby severally certify that we have property free from all encumbrance to the full amount of the above bond.

"Witness our hands and seals this the 27th day of October, 1959.

"Ezra      Brown      (L.S.)
"G. A. Brown      (L.S.)
"O. E. Brown      (L.S.)
"H. Neil Taylor      (L.S.)
"Taken and approved this the 27th day of October, 1959.

"Jessie Mason
"Register"

The decree appealed from does not involve a moneyed judgment. Hildebrand v. First National Bank, 221 Ala. 216,

128 So. 219. Under the law regulating this appeal security for costs only was required. Here the obligation must be to pay the costs of the appeal.

In Ryan v. Ryan, 267 Ala. 677, 682, 104 So.2d 700, 704, the following is quoted with approval from Ex parte Hood, 107 Ala. 520, 18 So. 176, 177:

" 'An appeal from a final decree of a court of chancery is matter of right if the party appealing gives security for the costs of appeal. An appeal taken in this mode does not operate a divestiture or suspension of the authority of the court to proceed in the execution of the decree. Whatever measures are necessary for the execution of the decree, it is the duty of the court, on application of a party in interest, to pursue, as if the appeal had not been taken. If, in this respect, it is intended to stay the authority of the court, the statutes require that bond with security, with penalty and conditions adapted to the character of the decree, known and recognized as a "supersedeas bond," be given.' "

No supersedeas bond is proper in the case at hand, yet the bond partakes in some of its recitals of those of a supersedeas bond. When security for costs merely is given, it is only necessary that a simple acknowledgment in writing be given, to the effect that the surety or sureties acknowledge themselves security for the costs of the appeal in the particular case. The sureties in the bond under consideration have not acknowledged themselves as security for the costs of this appeal.

In Ralston Purina Company v. Pierce, 265 Ala. 365, 90 So.2d 922, a motion was made to dismiss the appeal because of the failure to file proper security for costs. The report of that case does not set out the appeal bond; but we have examined the record, and find that it is substantially similar to the bond under consideration.

Quoting from that case at page 367 of 265 Ala., at page 924 of 90 So.2d, the following is found:

"We have said that an appeal is perfected only when a good and sufficient security for costs of appeal is filed. Journequin v. Land, 235 Ala. 29, 177 So. 132, and cases cited; Barnett v. Crumpton, 247 Ala. 572, 25 So.2d 414. But we have refused to dismiss appeals where the appellant did not file a bond or other obligation expressly conditioned to pay the costs of appeal, but did execute and file 'a supersedeas bond, with penalty equal to more than double the amount of the moneyed judgment conditioned to prosecute the appeal to effect and "pay such judgment as the Supreme Court may render in the premises".' Greenfield v. Powell, 220 Ala. 690, 127 So. 171, 172. See Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Dortch Baking Co. v. Schoel, 239 Ala. 266, 194 So. 807."

In that case, as in the instant case, the bond was conditioned to prosecute the appeal to effect and to satisfy such judgment or decree as the Supreme Court may render in the case. This court held in that case that the bond was a nullity for no sum was named in the penal part of the bond, as in the instant case, and the absence of a penalty in that character of bond renders it inefficacious as a supersedeas bond and was not sufficient as a bond to secure the costs of the appeal.

No proper bond to secure the costs of appeal having been made, the conclusion is reached that under the authorities, the motion of the appellee to dismiss the appeal is with merit and should be sustained.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.