INGRAM, Presiding Judge.
William Lemon filed a claim against the estate of his deceased mother, Minnie H. Lemon. The personal representative of the decedent disputed the claim and filed a motion to strike the claim in the Talladega Probate Court. After a hearing, the probate court denied the claim by an order dated February 6, 1990.
On April 27, 1990, Lemon filed a notice of appeal to the Talladega Circuit Court. Thereafter, the personal representative filed a motion to strike the appeal, alleging that the motion was not timely filed and, therefore, that the jurisdiction of the circuit court was not properly invoked. At a hearing on the personal representative’s motion to strike the appeal, Lemon filed a motion for leave to file a complaint against the estate in the circuit court. The circuit court dismissed Lemon’s appeal as untimely. The court also denied his motion for leave to file a complaint, finding that the proposed lawsuit would be based on exactly the same facts and legal issues as the pending action appealed from the probate court. Lemon brings this appeal.
On appeal, Lemon asserts that he did not have notice of the probate court order denying his claim until after the time to appeal the order had run and that, therefore, the circuit court erred in dismissing his appeal as untimely. Also, Lemon contends that, even if his appeal from the probate court order was untimely, the trial court erred in not granting his motion for leave to file a complaint against the estate in the circuit court.
At the outset, we note that § 43-2-354, Ala.Code 1975, provides that the judgment by the probate court on claims made against an estate may be appealed by either party to the circuit court of the county in which the administration of the estate is pending for a trial de novo. The statute provides a 30-day period within *1331 which appeals are to be taken. Furthermore, we note that it is well settled that an appeal from the allowance or disallowance of a contested claim must be taken within the time prescribed by statute, and that if the appeal is not taken within that time, it may be dismissed on motion. See Wilkerson v. Hagan, 265 Ala. 515, 92 So.2d 901 (1957); Barnett v. Crumpton, 247 Ala. 572, 25 So.2d 414 (1946); 34 C.J.S. Executors and Administrators § 455(d) (1942).
In the case at bar, Lemon does not dispute the fact that his notice of appeal was filed after the 30-day period had passed. Instead, Lemon contends that the reason for his delay in filing the notice of appeal was that he did not receive notice of the probate court’s decision denying his claim until after the 30-day period had run. In support of his argument, Lemon requests that we take judicial notice of the fact that Talladega County has been experiencing severe financial difficulties since this case has been pending and has been forced to reduce its courthouse staff, thereby compromising the efficiency of courthouse business. However, we can find no statute or rule of court requiring the probate court to give notice of its orders to the parties involved. So, while the facts of which we are asked to take notice may be true, we find that they have no bearing upon Lemon’s duty to file his appeal within the 30-day period. Therefore, we find no error in the circuit court’s dismissal of Lemon’s appeal as untimely.
Lemon also contends that the circuit court erred in refusing to allow him to file an action against the estate based on the same claim which was decided by the probate court. Lemon argues that the circuit court’s denial of his action vitiates his right to maintain a suit against the estate on a breach of contract theory. In support of his proposition, Lemon cites to us several cases. We note, however, that the issues in the line of cases relied upon by Lemon are distinguishable from the issue here, because they concern either removal of a pending claim from the probate court to the circuit court or the filing of an action in the circuit court while a similar claim is still pending in the probate court. See, e.g., Ex parte Zepernick, 259 Ala. 493, 66 So.2d 757 (1953).
The case at bar differs in one crucial aspect from those cited by Lemon. Here, the probate court had decided the issue prior to Lemon’s attempt to initiate an action against the estate in circuit court. The circuit court denied Lemon’s suit against the estate on the basis that such an action would be between the same parties and would be based on the same facts and legal issues as the action before the probate court wherein a final judgment had already been rendered. In other words, the circuit court concluded that such an action could not be allowed to proceed because of the doctrine of res judicata.
Our supreme court has previously set forth the elements of res judicata as follows: (1) a prior judgment rendered by a court of competent jurisdiction; (2) a prior judgment rendered on the merits; (3) substantially the same parties in both suits; and (4) the same cause of action in both suits. Wheeler v. First Ala. Bank, 364 So.2d 1190, 1199 (Ala.1978). Where these elements are present, the former judgment bars any subsequent suit on the same cause of action, including issues that were or could have been litigated in the prior action. Wheeler. We also note that a disallowed claim against an estate is a final judgment. Harrison v. Harrison, 261 Ala. 648, 75 So.2d 620 (1954). In the instant case, we find that the trial court properly denied Lemon’s action on the basis that the issue had been previously determined.
In view of the foregoing, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.